Floyd Franklin v. The State.

*No. 1192.　Decided January 13th, 1897.*

*Motion for Rehearing Decided February 3d, 1897.*

**1. Statement of Facts—Practice on Appeal.**

If the record on appeal contains what purports to be a statement of facts, but the same is not signed by the attorneys nor approved by the judge, it cannot be considered; and, if the indictment and charge of the court be correct, the judgment will be affirmed.

ON MOTION FOR REHEARING.

**2. Assault With Intent to Murder—Weapon Used.**

On a trial for assault with intent to murder, where it appeared, that the weapon used was a bois d'arc stick three or four feet long and about one and one-half inches in diameter, but, there was no proof otherwise that it was a deadly weapon. Held: If

it was possible that death might have been inflicted by the weapon, and the defendant intended to take life, though the weapon was not a deadly weapon, still he might be guilty of an assault with intent to murder.

3. **Assault With Intent to Murder—Deadly Weapon—Intent.**

On a trial for assault with intent to murder, if the weapon used was a deadly one, and likely to produce great bodily harm, the jury may infer the intent to kill from the use of such weapon.

APPEAL from the District Court of Collin. Tried below before Hon. J. E. DILLARD.

Appeal from a conviction for assault with intent to murder; penalty, two years' imprisonment in the penitentiary.

The opinion, on motion for rehearing, states the case.

[No brief for appellant with the record.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and given two years in the penitentiary, and prosecutes this appeal. There is in the record what purports to be a statement of facts; but the same is not signed by the attorneys, is not an agreed statement, nor is there any approval by the judge; consequently, it cannot be considered. The indictment and the charge of the court appear to be correct, and the judgment of the lower court is affirmed.

*Affirmed.*

---

### ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and given two years in the penitentiary, and prosecutes this appeal. The statement of facts shows that, two or three days before the alleged assault, defendant came into a restaurant, where the prosecutor was employed, and the prosecutor requested him to leave, that he had no business there. Defendant hesitated about leaving, and prosecutor took a pistol from behind the counter, and made defendant leave. Two or three days thereafter, as prosecutor was walking on the streets of McKinney, he was accosted by the defendant, who had a stick in his hand, which one of the witnesses described as a sound bois d'arc stick three or four feet long, and about one and a half inches in diameter. The State's testimony shows that defendant at this juncture asked prosecutor why he told him to get out of the restaurant the other night, and prosecutor replied, "Because I wanted you to get out." At this time prosecutor had an umbrella in one hand, and a tin bucket in the other, and attempted to pass the defendant, who had gotten in front of him. Defendant said: "I will beat hell out of you." He then struck prosecutor with the stick on the back of the head. As he did so, defendant said: "I am going to kill you, God damn you." The first blow stunned the prosecutor; but did not knock him entirely down. He

staggered up against the wall of the hotel. Defendant then struck him several blows, but not so hard as the first blow. Prosecutor was stunned and dazed from the effects of the blows, and was confined to his bed for several days. Defendant himself testified, as to the facts attending the difficulty: "That he came up with Charley Russell, and asked him what he meant by drawing a pistol on him the other night. Prosecutor said, 'You God damned black son of a bitch, I will shoot you,' holding his umbrella down, pushing his bucket on his arm, and made a bad move at me. I thought he was going to shoot me, and I hit him with the stick. As I hit prosecutor dodged forward, and the lick struck him on the back of the head. I struck one or two more licks, and ran." The court charged on an assault with intent to murder, on aggravated assault, and simple assault, and also gave a charge on self-defense. These charges covered every possible phase of the case. The question as to the intention of the defendant was submitted to the jury by proper instructions. They were required to believe that the defendent intended to kill, in order to convict him of an assault with intent to murder. There is no proof that the stick was a deadly weapon. We have the size of the stick as given above. In passing upon the intent of the party, the jury should look to the character of the weapon. If the weapon was a deadly weapon, and likely to produce great bodily harm, the jury may infer, from the use of such weapon, the intent to kill. If the weapon was not such a weapon, the jury may arrive at the intention of the party from the surrounding facts. If it was possible that death might have been inflicted by the weapon, and the defendant intended to take life, though the weapon was not a deadly weapon, still he might be guilty of an assault with intent to murder. The jury found the defendant guilty, and we see no reason for disturbing their verdict. The motion for rehearing is granted, and the judgment is accordingly affirmed.

*Affirmed.*