## LOUIS BASQUEZ v. THE STATE.

No. 13001.  Delivered February 26, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 206.

The opinion states the case.

*Putney & Green* of Victoria, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of ten years.

The following is a synopsis of the State's evidence: Henry Schindler, upon leaving the house of a woman named Mary Chapman, about four o'clock in the morning, was attacked by the appellant. A rock was thrown at him and thereafter a bottle. The latter struck Schindler in the head and knocked him down. As he jumped up he was cut by the appellant in the jaw and upon the head. He was again knocked down and cut on the head and in the breast. The appellant was on top of Schindler, who was screaming for help. A night officer observed them and flashed his light in the direction of the two men, at which time the appellant released Schindler and fled. Witnesses who were nearby heard Schindler beg for mercy and ask to be released, and that the appellant said that he would not release him but would cut his throat. Mary Chapman was a prostitute and the appellant had been a frequenter of her place.

The physician who examined Schindler found a wound above the left eye, which wound was ragged and jagged and had fractured the outer layer of the skull. The wound had the appearance of having been made with a blunt instrument, and was about one and one-half inches in length and one-half or three-quarters of an inch in depth. There was another wound on the back of Schindler's head which was located to the back of the left ear, about three inches from the collar, and was from an inch and one-half to two inches in length. This wound had the appearance of having been inflicted by a sharp instrument. The skull was not fractured at that point. There were other wounds on the left side of his neck. There was a very long wound on his neck, which was not very deep. A number of stitches were taken in this wound; and it also seemed to have been made with a sharp instrument. On the left chest there was a wound made by a sharp instrument which penetrated through the skin down to the ribs and undermined the ribs for a distance of probably two inches to the middle line. This wound did not penetrate the chest or go through the ribs. The wound was probably one inch long and penetrated in for about two inches. The heart and the lungs were in the vicinity of this wound. The wound in the back of the head could not have been inflicted by striking with a bottle, but that in front of the head might have been so inflicted.

There was evidence that a knife was used by the appellant in inflicting some of the wounds. A witness testified that she saw a knife in the appellant's hand.

The appellant testified that he was assaulted by Schindler. He claims that he was drunk and that the wounds upon Schindler were inflicted in a fight; that he struck Schindler upon the head with a bottle, which broke, a part of it remaining in his hand; that he struck Schindler several times with the broken bottle but did not use a knife; that he threw a rock at Schindler but did not know whether it hit him or not.

The court instructed the jury upon the law of aggravated assault, as well as upon that phase bearing upon the offense of assault with intent to murder. It also instructed the jury in the following terms:

"To warrant a conviction for the offense of assault to murder the jury must be satisfied from the evidence beyond a reasonable doubt, that the defendant, in the commission of the offense, if any, he did, was actuated (a) by malice aforethought and (b) with the specific intent to kill. If the State has failed to make such proof, or if you

604

have a reasonable doubt thereof, you should acquit the defendant of assault with intent to murder."

While the description of the instrument used and the result produced are meager, still in reaching a conclusion as to the intent of the appellant, his words and conduct, particularly his persistence in assaulting the accused as shown by the State's testimony, his specific declaration that he intended to kill him, and his flight at the time the officer appeared with a flashlight, are all circumstances which it was within the province of the jury to weigh, and this court does not feel warranted, in view of the whole record, in deciding that the jury's conclusion that the appellant's offense was an assault to murder is not supported by the evidence.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant earnestly insists that the evidence fails to show that the instrument used by him in committing the assault was a deadly weapon, or that the wounds inflicted were serious and argues that this being true the conviction for assault with intent to murder cannot be sustained. In most cases of assault with intent to murder reported in the books it will be found either that the assault was committed with a deadly weapon, or that the wounds were serious, and expressions may be found in opinions which have misled appellant into insisting upon a principle which is not invariably applicable. In Hatton v. State, 31 Tex. Cr. R. 586, 21 S. W. 679, the weapon used was a shot gun at a distance of 40 yards, the gun being loaded with No. 8 shot. The contention there was that by reason·of the small shot and the distance the offense could not be assault with intent to murder. Judge Hurt said:

"The evidence shows conclusively, that whether the shot used were sufficiently large to take the life of Johnson, appellant greatly desired and intended to do so. When in a case the question arises as.to whether the accused intended to kill, the means used by him may be looked to. If a deadly weapon is used in a deadly manner, the inference is almost conclusive that he intended to kill; on the other hand, if the weapon was not a dangerous one, or was not used in a deadly manner, the intention must be established by other facts. But it would be a monstrous doctrine to hold, that because in fact the accused did not have the ability to kill, therefore he did not intend to kill."

In Franklin v. State, 37 Tex. Cr. R. 113, 38 S. W. 1016, will be found this language:

"In passing upon the intent of the party, the jury should look to the character of the weapon. If the weapon was a deadly weapon, and likely to produce great bodily harm, the jury may infer, from the use of such weapon, the intent to kill. If the weapon was not such a weapon, the jury may arrive at the intention of the party from the surrounding facts. If it was possible that death might have been inflicted by the weapon, and the defendant intended to take life, though the weapon was not a deadly weapon, still he might be guilty of an assault with intent to murder."

In Jackson's case, 48 Tex. Cr. R. 648, 90 S. W. 34, the same principle was recognized. Other cases will be found collated under Section 1636, Branch's Ann. Tex. P. C. The ones specifically referred to are thought to be decisive of the present case. From all the circumstances the jury may have concluded that appellant earnestly desired to kill Schindler, and that he was making fair progress towards the accomplishment of that end by use of the means at hand, when interrupted by the approach of an officer.

We commend the efforts of counsel in appellant's behalf but feel constrained to adhere to the conclusions heretofore announced in our original opinion.

The motion for rehearing is overruled.

*Overruled.*