## LUDIE ROSE V. THE STATE.

No. 15533.  Delivered January 18, 1933.
Rehearing Denied March 22, 1933.
Reported in 58 S. W. (2d) 526.

The opinion states the case.

W. J. Durham, of Sherman, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for one year.

The state's evidence may be summarized as follows: Andrew Lewis, the alleged injured party, testified that, without provocation, he was assaulted and wounded by the appellant. The testimony of Lewis was fortified by evidence of the same nature. The knife used by the appellant was described as having a blade four or five inches long. A physician testified that Lewis arrived at the hospital suffering with shock from loss of blood from the wounds. There was an incision about four or five inches over the heart, extending into the lung, and the heart sack bulging into the wound. The heart sack was not entered. Lewis had another incision about the eighth or ninth rib going clear to the back, a very long one with the muscles pulled apart down to and into the lung cavity; another one just below or across the small of his back. The most serious wound was the one across his heart in front of his chest. That punctured his lung, and was a very serious wound. The injuries were likely to cause death if not properly taken care of. The wounds were caused by some sharp instrument. Other medical testimony was in substance the same as that mentioned above.

The appellant testified that he went to the house in which the altercation took place; that he had never seen Lewis before. His testimony was to the effect that while at the house he was assaulted by Lewis without provocation; that Lewis hit him several blows which hurt him. At the time he was assaulted the appellant did not have his knife in his hand. He clinched

with Lewis, and other persons came. He did not know how, but he got his knife and went to cutting without knowing who he was striking. Lewis had him down on his back and had a pistol, stating that he was going to blow the appellant's brains out. After the difficulty the appellant escaped and ran away. He believed his life was in danger, and he struck the blows in order to protect his person. Appellant said he had no intention of killing any one.

A knife was exhibited to the jury, but the appellant disclaimed its ownership. Appellant introduced testimony to the effect that his reputation as a peaceable law-abiding citizen was good.

The house which was the scene of the incident was that of Hattie Butler. According to her testimony, when the appellant entered the house, Andrew Lewis and Robert Castleberry was in conversation with a woman named Pearl Wilson, who was sitting on the bed in the front bedroom. When the appellant came he likewise went into the bedroom where Pearl Wilson was, and took a seat. It seems that in the altercation Pearl Wilson was slightly wounded. The appellant had a knife in his hand, but the witness saw nothing in the hand of Lewis. She identified the knife on the trial. However, as stated above, the appellant claimed that the knife was not the one he used.

Two bills of exception are found in the record. One of them reflects the refusal of the court to instruct a verdict of not guilty, for the reason that there was an absence of evidence showing that the wounds on the alleged injured party were inflicted by the appellant. There was no error in refusing to give the instruction.

In Bill No. 2 it appears that while Dr. Holloway was on the stand, he was asked, on behalf of the defendant, the following question: "Now, Doctor, from your examination of the wounds that you have found on the body of Andrew Lewis that night, do you think that they could have been made with a pocket knife, and such pocket knife not had any blood on it?"

Objections were urged, among others, that the evidence of the condition of the knife was not disclosed to the witness, it being admitted for the purpose of the objection, that the witness had never seen the knife. The bill was prepared by the court. In sustaining the objection to the question, we think no error was committed.

Appellant claims that the evidence is insufficient to support the verdict. The position taken by the appellant upon the subject is not deemed tenable. The state's evidence, if believed,

was quite sufficient to show that the appellant inflicted serious wounds upon the injured party with a knife which the jury might well have concluded was a deadly weapon. The wounds were serious and such that, in the absence of proper care, would have produced death.

The charge of the court adequately instructed the jury upon the issues involved. The substance of the special charge bearing upon the specific intent to kill was properly refused, as it was fully covered in the main charge, in which the jury was definitely instructed that, unless the appellant, in cutting Lewis, had the intent to kill him, there should be no conviction for assault with intent to murder. The court instructed the jury on the law of aggravated assault, and, so far as we are able to judge, gave a charge which was without fault so far as presenting to the jury the issues raised by the evidence, including self-defense and the law on the subject of a suspended sentence.

The conflicting evidence was settled by the verdict of the jury against the appellant. The state's evidence, thus accepted by the jury, brings the case well within the principles often applied by this court in sustaining cases of assault with intent to murder. That is to say, if the assault is voluntary, committed with deliberate design, and with an instrument capable of producing death, and there are no extenuating circumstances, it is an assault with intent to murder. Many illustrations of the application of these principles will be found in Branch's Ann. Tex. P. C., p. 953, sec. 1659, among them, Trevinio v. State, 27 Texas App., 372.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It was appellant's contention that the knife used by him in cutting Lewis was a much smaller knife than the one claimed by the state to have been used. Because of this conflict in the evidence, appellant says: (1) He should have had some kind of instruction based upon the use of the smaller knife; and (2) he seems to insist that in no event could he be guilty of assault with intent to murder unless the instrument used by him was a deadly weapon.

As to the first proposition, the evidence is undisputed that the wounds inflicted were serious in their nature, regardless of the particular knife used. The trial judge required the jury to find beyond a reasonable doubt that appellant had the specific intent to kill before he could be convicted of assault with intent to murder. No special charge was requested by appellant at-

tempting to present his theory of the use of a smaller knife, but he contented himself with an exception to the instruction given on the ground that it failed to present his affirmative defense. The only affirmative defense we find was that of self-defense, which was properly submitted.

On the second proposition, appellant is mistaken as to the law. In the recent case of Basquez v. State, 114 Texas Crim. Rep., 602, 26 S. W. (2d) 206, the following language was quoted with approval from Franklin v. State, 37 Texas Crim. Rep., 113, 38 S. W., 1016: "In passing upon the intent of the party, the jury should look to the character of the weapon. If the weapon was a deadly weapon, and likely to produce great bodily harm, the jury may infer, from the use of such weapon, the intent to kill. If the weapon was not such a weapon, the jury may arrive at the intention of the party from the surrounding facts. If it was possible that death might have been inflicted by the weapon, and the defendant intended to take life, though the weapon was not a deadly weapon, still he might be guilty of an assault with intent to murder."

In Hatton v. State, 31 Texas Crim. Rep., 586, 21 S. W., 679, this court also said: "It would be a monstrous doctrine to hold that, because in fact the accused did not have the ability to kill, therefore he did not intend to kill."

See, also, Jackson v. State, 48 Texas Crim. Rep., 648, 90 S. W., 34, and Wallace Bailey v. State (No. 15,586), this day decided.

The motion for rehearing is overruled.

*Overruled.*