## RICHARD HALL v. THE STATE.

No. 18298.  Delivered May 20, 1936.
Appeal Reinstated June 10, 1936.

The opinion states the case.

*Florence & Florence,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder; penalty assessed at confinement in the penitentiary for a period of two years.

The appeal bond found in the record is insufficient to authorize consideration of the appeal by this court for the reason that it is not approved by the judge who tried the case. It is essential that the bond be approved by the district judge and also by the sheriff. See Art. 818, C. C. P., 1925; also Bell v. State, 89 S. W. (2d) 995.

The appellant is granted fifteen days from this date within which to perfect his appeal.

The appeal is dismissed.

ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—The record having been perfected by the filing of a new appeal bond, the appeal is reinstated.

The indictment charges that appellant, with malice aforethought, made an assault with intent to murder Lonvers Skinner with a knife. Appellant was convicted of assault to murder without malice aforethought. He defended upon the ground that he was drunk. Appellant did not testify but his written confession was introduced in evidence from which we take the following quotation:

"I had been drinking a lot of whisky before we left Gilmer to go to Lumpy's, and I was nearly drunk when I started out to Lumpy's with my brother. From the time I left town until the fight came up I didn't drink any whisky or beer or anything else. As near as I can remember, the place Lumpy and I had a fight was down by Mr. Taylor Martin's place, and after I sobered up I remembered cutting him with a knife, but I don't remember how many times I cut him. I cut him with a knife, but I don't know how many times I cut him. I wasn't mad at him, and we haven't never had a cross of any kind. He has been a good friend of mine, and I sure hate it that I cut him, but I was just crazy drunk. I don't remember having no fuss with him, or what the trouble come up about. I don't know who started the trouble and he didn't hit me that I know anything about. He didn't make any effort to injure me in any way that I know of."

The injured party was confined in a sanitarium for some two or three weeks by reason of the wounds inflicted upon him by the appellant.

The court submitted the issue of temporary insanity from the use of ardent spirits; also charged on the use of a deadly weapon; on malice, which was properly defined; and on murder with malice aforethought. At the request of the appellant, the court gave an additional charge on the subject of temporary insanity induced by intoxication.

Taking into consideration the evidence, the verdict and the judgment rendered, it is deemed that the proper disposition of the appeal is to order an affirmance of the judgment, which is accordingly done.

*Affirmed.*