# R. L. GRAFFT V. THE STATE.

No. 19220.   Delivered December 1, 1937.
Appeal reinstated January 26, 1938.
State's rehearing denied (without written opinion) February 23, 1938.

The opinion states the case.

*W. W. Winslow,* of San Diego, *R. R. Smith,* of Jourdanton, and *Harris & Harris,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder and his punishment was assessed at confinement in the State Penitentiary for a term of five years.

The appeal bond found in the record is insufficient to authorize consideration of the appeal by this court, for the reason that it is not approved by the judge who tried the case.

Article 818, Code of Criminal Procedure, requires that the bond be approved by both the judge and the sheriff. See Boggus v. State, 130 Texas Crim. Rep. 656; Hall v. State, 130 Texas Crim. Rep. 516; Bell v. State, 89 S. W. (2d) 995.

Appellant is granted 15 days from this date to perfect his appeal.

By reason of the insufficiency of the bond, the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON THE MERITS.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder without malice and his punishment was assessed at confinement in the State Penitentiary for a term of five years.

The record shows that on the night of the alleged offense, Obid Henslee, accompanied by the deceased who was a deputy city marshal in the town of Freer, went to see appellant to collect some rent and an account which appellant owed Henslee. In reply to a request from Henslee for payment of the debt, appellant said he would pay him on the following morning. Deceased then told appellant to pay Henslee then and get it over with. Appellant then asked Henslee if he intended to split with the law, and upon receiving an affirmative answer stated that the s— of a b— would not get any of his money and then started to walk away. Deceased caught appellant by the arm and again

demanded that he pay Henslee, whereupon appellant struck deceased, knocked him down, took hold of his feet and dragged him a short distance. During this proceeding, the deceased's pistol fell out of his pocket. Both of the parties reached for the gun, and both got their hands on it at about the same time. In the struggle over the pistol, it was discharged. Finally, appellant succeeded in taking the pistol from the deceased and struck him over the head twice with it, fracturing his skull. From these injuries the deceased died a few days later. There was some testimony to the effect that the appellant was drunk.

Appellant's version of the affair is that when he started to leave Henslee, the deceased approached him with a pistol in his hand and threatened to arrest and put him in jail; that he knocked the deceased down with his fist; that when the deceased fell to the ground, his pistol fell out of his hand; that they both grabbed the pistol, and in the struggle for its possession it was discharged; that he wrenched the pistol from the deceased's hand and struck him twice over the head with it.

By bill of exception number one, appellant complains of the introduction in evidence by the State of a part of his purported confession, on the ground that it was not voluntary. The court submitted the issue to the jury, which we consider proper in view of the fact that the State had laid the proper predicate for its introduction.

By bill of exception number two, appellant complains of the following charge delivered by the court to the jury:

"But if you believe, under all the facts and circumstances in this case, that the defendant was not drunk in a public place, as that offense is above defined, and that the deceased attempted to arrest the defendant and the defendant, viewing all of the facts and circumstances from his standpoint, at the time believed the deceased was attempting to arrest him, or if you have a reasonable doubt thereof, then the right of self-defense would inure to the benefit of the defendant; and if you believe that the deceased attempted to arrest the defendant and the defendant viewing all the facts and circumstances from his standpoint, at the time believed that the deceased was about to arrest him, or was about to attack and kill him, or inflict serious bodily injury upon him, and that the defendant so believing did thereupon kill the deceased by striking him with a pistol, under a reasonable apprehension of death or serious bodily injury, or attack, from the said deceased, or if you have a reasonable doubt thereof, then the said defendant would be justified under the law, and you should acquit him, and say by your verdict 'Not Guilty.' "

Appellant objected to the charge on the ground that it limited his right of self-defense to an attack by the deceased, which created in his mind a reasonable expectation or fear of death or serious bodily injury and failed to advise the jury of the extent of force to which he might resort in resisting an unlawful arrest.

We think the objection is well taken. In a case where an illegal arrest is attempted or where one is actually made, the person so illegally restrained has a right to use such force as appears to him to be reasonably necessary to prevent the illegal arrest or to free himself.

In the case of Cortez v. State, 44 Texas Crim. Rep. 169 (182), this Court said:

"The facts and circumstances of every case give character to it; and these may indicate, where the killing is in resistance to an unlawful arrest, that it was murder or manslaughter, as shown by the facts in each particular case. Of course, where the arrest is under legal authority, there is only one contingency where such an arrest can be rightly resisted; that is, where the force used to secure it is excessive. But, if the authority to make an arrest is wanting, the person attempting such arrest is in the wrong and a trespasser, and the person so arrested can resist him regardless of his knowledge that the arrest was illegal; using such force only as is reasonably necessary to prevent the arrest, or free himself from such illegal restraint. If he used no more force than is reasonably necessary to prevent the arrest, or to free himself from such illegal restraint, he would be guilty of no offense. But if such person, in resisting an arrest, or in endeavoring to free himself from an illegal arrest, uses more force than is reasonably necessary, he would be guilty, at the least, of manslaughter. It would not necessarily follow that his offense would be no more than manslaughter. The excessive force used might be so enormous as to suggest malice, or this, with other circumstances, might suggest a malicious killing."

We think the better plan is for the court to instruct the jury on his right of self-defense and his right to resist an illegal arrest in separate and distinct paragraphs, specifically applying the law to the facts in each instance. To do otherwise might tend to confuse the jury. An accused person is entitled to a distinct and affirmative instruction upon the law of every defensive issue raised by the evidence. See Morrison v. State, 37 Texas Crim. Rep. 601; Goodman v. State, 47 Texas Crim. Rep.

388 (392) ; Merriweather v. State, 115 S. W. 44; Williams v. State, 38 S. W. 989; Kibbe v. State, 112 S. W. (2d) 733.

We are unable to understand upon what theory the court admitted the testimony of Mr. and Mrs. Phillips as to the alleged affair the deceased had with her or with Mrs. Woodward. It was not the cause of the difficulty between appellant and deceased, had no connection therewith, and did not tend to solve or elucidate any issue or any fact in issue. What Mrs. Phillips told her husband was clearly hearsay. It seems that the court, for the time being, suspended the trial of the appellant and proceeded to try the deceased for his conduct toward the women.

For the error in the court's charge, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.