## LONNIE MITCHELL v. THE STATE.

No. 19598.    Delivered May 11, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Gray Browne* and *Oliver Cunningham*, both of Abilene, for appellant.

*J. R. Black,* District Attorney, *Esco Walter,* County Attorney, and *W. R. Ely,* all of Abilene, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder; the punishment, death.

This is the second appeal of this case. The opinion delivered on the first appeal may be found reported in [132 Texas Crim. Rep. 491] 105 S. W. (2d) 246. Since the evidence adduced at this

trial does not materially differ from that introduced at the former trial, we refer to the former opinion for a statement of the facts.

Appellant complains because the court declined to sustain his motion to quash the indictment based on the ground of discrimination against the negro race of which he was a member. The court, upon a hearing of the motion, heard evidence which showed that there were sixteen men selected by the jury commission as prospective grand jurors, of which two were negroes. From this group, the grand jury was selected and impaneled and returned the indictment against appellant upon which this prosecution is based. It is not shown why the negroes were not impaneled and sworn in as members of the grand jury, whether due to a legal excuse, a disqualification, or to a challenge. In fact there is nothing in the record which shows that any actual discrimination against the negro race was practiced in the organization 'of this grand jury; hence, we overrule appellant's motion.

By bill of exception number three, appellant complains of the inadequacy of the court's charge upon the right to resist an unlawful arrest. It appears that the court, in preparing his original charge, had omitted such a charge. Appellant objected thereto because of such omission; thereupon the court inserted the following charge: "You are further charged that if you believe from the evidence or have a reasonable doubt thereof that the deceased on the occasion in question was attempting to arrest the defendant without any lawful authority, you are charged that the defendant would have the right to use all necessary force to repel such unlawful arrest, if any, even to the extent of taking human life, if necessary, and if you have a reasonable doubt thereof, you will acquit the defendant."

Appellant again objected because the amended charge was inadequate to instruct the jury as to the law of a lawful and unlawful arrest; that it failed to define what constituted a lawful or unlawful arrest. The judge refused to again amend the charge and appellant has reserved his exception thereto and brought the matter before this Court for review. The above instruction is the extent of the court's charge upon the subject.

The able State's Attorney has taken the position that the evidence does not raise the issue of arrest without warrant; that appellant's rights were amply protected by the charge on self-defense. He admits, however, that the charge as given is apparently incorrect for failing to define what a "lawful arrest" is or for failing to give the jury any guide by which they might determine when an arrest or an attempted arrest is legal or

illegal, but he takes the position that when the whole charge is considered together, it amply protected appellant's rights.

The question, as here presented, then, is whether or not such an issue is raised by the evidence. If such issue was raised, it was the duty of the trial court to charge fully thereon, because an accused is entitled to an instruction on every affirmative defense which is raised by the testimony of the State or the defense and whether such issue be strong or weak, unimpeached or contradicted. See Kibbe v. State, 112 S. W. (2d) 733, and cases there cited.

It is our opinion that the issue was raised. Appellant's contention was that the deceased had repeatedly threatened to arrest him; had ordered him to remove a partition from his store so that he could see the whole interior of the building by walking to the front door, had ordered the removal of a table which the deceased contended was being used for gambling. On former occasions he had arrested appellant for gaming. That at the time of the unfortunate occurrence, deceased walked up to the front door, called twice for the defendant to come out, and then said: "If you don't come out here, I am coming in after you."

He then jerked open the door and went in. At this time, appellant shot him. Evidence was introduced showing that the deceased's pistol was lying at his side and that his blackjack was found under him. It occurs to us that such conduct on the part of the deceased would indicate to the appellant that the deceased was either going to illegally arrest him or inflict upon him some serious bodily injury. Hence, he was entitled to a correct instruction on both theories.

There was no evidence introduced to show that the deceased had a warrant for appellant's arrest, or that appellant had committed an offense which justified his arrest without a warrant. To the contrary, the evidence shows that appellant had committed no offense whatsoever.

Being of the opinion that the evidence was sufficient to raise the issue of an unlawful arrest, it was the duty of the trial judge to charge thereon and to properly define the terms "lawful arrest" so that the jury would not be left to wander afield and for themselves define the terms, possibly in a manner injurious to the rights of the appellant. In the absence of a correct charge on the subject, the judgment can not stand. See Louder v. State, 44 S. W. (2d) 719; Stanfield v. State, 38 S. W. (2d) 94.

In view of the disposition made of this case, we do not deem it necessary to discuss the other matters raised by appellant as they probably will not arise on another trial.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—We have again carefully examined the record in the light of the State's motion for rehearing and are constrained to adhere to the conclusion that the testimony, in its entirety, called for a charge upon the right of the appellant to resist an unlawful arrest. The trial judge must have also been of the opinion that the issue was raised, or else he would have declined to submit an instruction on the subject. As pointed out in the original opinion, the instruction submitted was inadequate in that it failed to furnish the jury an adequate guide for determining whether the attempted arrest was illegal.

Believing that the original opinion made proper disposition of the appeal, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.