### CHARLIE PERRY REED V. THE STATE.

No. 23299. Delivered March 6, 1946.

The opinion states the case.

*Culwell & Culwell,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was given twelve years in the penitentiary on a charge of assault to murder.

The evidence reveals that appellant was a porter in a hotel in the City of Amarillo. Across the street, or near by, was a sandwich stand to which he was often sent by customers of the hotel. The appellant is a negro and the prosecuting witness, who was a cook in the sandwich shop, is a white man. A white girl, a waitress in the sandwich shop, was the subject of a remark by appellant which made the cook very mad, and gave rise to the difficulty.

It is not necessary to detail the facts, which are rather inflammatory by their nature. Much of this testimony was improperly admitted. Such testimony will not be considered because we believe the evidence is insufficient to show an intent to murder on the part of appellant. The case will be reversed on the insufficiency of the evidence.

The State's Attorney in his brief says, "Appellant brings forward three bills of exception; but, in our opinion, the controlling and important question presented for review is the sufficiency of the evidence to support this conviction. Obviously, we think, the knife was not per se a deadly weapon, and yet we recognize the general rule that where the instrument itself is not a deadly weapon, the intent to kill may be established by other facts—that the wounds inflicted may be looked to in determining whether or not the knife was a deadly weapon; but, in view of the fact that the testimony of the attending physician indicates that the wounds inflicted were not of a serious nature unless infection set in, and in view of the further fact that there is no proof of a specific intent to kill, we are inclined to seriously doubt that the evidence is sufficient to support a conviction and twelve-year penalty. For authorities, see Branch's Annotated Penal Code, Sections 1636-37-39; also Miller v. State, 183 S. W. (2d) 175, authorities therein cited; and Trimble v. State, 190 S. W. (2d) 123, and authorities cited."

Examination of the record supports the statement of the State's Attorney, and the authorities cited by him sufficiently sustain our conclusion that the evidence is insufficient to support a conviction for assault to murder.

The judgment of the trial court is reversed and the cause is remanded.