HERBERT (CAT) BARNES V. STATE

No. 33,879.   December 6, 1961
State's Motion for Rehearing Overruled February 7, 1962
State's Second Motion for Rehearing Overruled March 2, 1962
State's Third Motion for Rehearing Overruled May 16, 1962

*Charles S. McMillian* and *J. L. Smith,* (On Appeal Only), San Augustine, for appellant.

*William E. Carroll,* District Attorney, Jasper, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for assault with intent to murder; the punishment, 10 years confinement in the penitentiary.

The sufficiency of the evidence to support the conviction is challenged.

The evidence, viewed in its most favorable light to the State, reflects that on the night in question the injured party, Manse Mitchell, who was a night watchman for the City of San Augustine, went to a place in the city around 1 A.M., known as "Lillie Bee's", to check on a disturbance. After he had gone inside and started to his automobile to leave, three "boys" were standing outside of the place talking. One remarked, "Wonder who in the hell he is looking for"; another said, "I don't give a damn who he is looking for," to which another replied, "You better hush or he will hear you." Thereupon the injured party walked to where the three were standing and said, "Who is that doing that smart popping off here?" and appellant said, "Ain't nobody doing no popping off." The injured party then stated, "Yes, somebody is trying to get smart sounds like to me * * * what is your name?" Appellant replied, "I don't have to tell you my name," to which the injured party responded, "No, you don't have to, but I'm asking you what is your name." Appellant replied, "By God, I told you I don't have to tell you my name." Thereupon the injured party

hit appellant with a blackjack and a scuffle ensued between them. In the scuffle appellant cut the injured party with a knife and during the encounter said, "Do you want me to kill you?" to which the injured party replied, "No, I don't want you to kill me * * * I am not ready to die," to which appellant replied, "Well, I'm a goddam good not on to kill you." The injured party reached for his gun, removed it from the holster and as he was getting in a position to shoot, someone hit his elbow and it dropped to the ground. Appellant put his foot on the gun and said, "No you won't get that"; then picked up the gun and said, "Do you want this?" to which the injured party replied, "Yes, I want it." Appellant said, "You can't get it, but you can get every goddamn one of them that's in it * * * . You see that car, get in it or I'll put every-one of them in you." Thereupon the injured party got in his car and as he drove away heard some shots, none of which hit him or the car.

From the scene the injured party drove to a hospital where he received first aid treatment by a nurse for the wounds which he received in the scuffle, but no doctor was called. The wounds consisted of several cuts on his body which he described as a cut in the eyebrow, the end of a finger cut off and two cut places in his back. The nurse who rendered first aid described the wounds on the injured party as two cuts in the back around the shoulders, two and three inches long, but not deep enough to require sutures and half of the fingernail and tip of the right forefinger cut off.

The injured party after leaving the hospital drove around the rest of the night looking for appellant. His gun was recovered later in the night at appellant's home. Appellant was arrested by the injured party the following morning and a pocket knife was taken from him which was introduced in evidence by the State.

Appellant, as a witness in his own behalf, testified that before the difficulty he had his knife in his hand trimming a match; that when the injured party struck him, he grabbed the injured party and put his arms around him, but did not try to cut him. Appellant admitted that when the injured party left the scene he picked up the gun and fired it four times in the air, but stated that he did not intend to kill him.

Appellant insists that the evidence is insufficient to support the conviction because the proof does not show that he had the specific intent to kill the injured party.

In Ammann v. State, 145 Texas Cr. Rep. 34, 165 S.W. 2d

744, this Court in stating the rule controlling the sufficiency of the evidence to show an intent to kill said:

"The specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160 P.C., Vernon's Ann. P. C. Art. 1160. Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon. Branch's P.C. sec. 1636; Franklin v. State, 37 Texas Cr. Rep. 113, 38 S.W. 802, 1016; Basquez v. State, 114 Texas Cr. Rep. 602, 26 S.W. 2d 206; Rose v. State, 123 Texas Cr. Rep. 261, 58 S.W. 2d 526."

An ordinary pocket knife is not per se a "deadly weapon" and its character as such rests upon the size and shape of the blade and the mode and manner of its use. Richards v. State, 147 Texas Cr. Rep. 118, 178 S.W. 2d 517.

The wounds inflicted on the injured party may be looked to in determining whether or not the knife used was a deadly weapon. 4 Branch's Ann. P.C. 2nd ed., sec. 1815, p. 175; Reed v. State, 149 Texas Cr. Rep 208, 192 S.W. 2d 890.

We find the evidence, under the rules stated, insufficient to show that appellant assaulted the injured party with the intent to kill.

The pocket knife used by appellant was not shown to be a deadly weapon per se. Not being a deadly weapon per se, the intent to kill may not be inferred from its use.

The injuries sustained by the injured party were not of a serious nature.

At no time during the difficulty did appellant stab the injured party, but as testified to by the injured party appellant was "drag-cutting" him. The manner in which appellant used the knife does not warrant the conclusion that it was a deadly weapon.

While the evidence shows that appellant fired the gun, as the

injured party left the scene, it is undisputed that he did not shoot the gun in his direction.

The surrounding facts and circumstances are insufficient to show that appellant had the intent to kill.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

In addition to what we said in our original opinion, we call attention to the failure of the court to respond to appellant's request for an instruction as to appellant's right to exercise reasonable force in extricating himself from an illegal arrest. The facts clearly called for such a charge. Mitchell v. State, 145 Texas Cr. Rep. 176, 117 S.W. 2d 443, and Grafft v. State, 134 Texas Cr. Rep. 30, 113 S.W. 2d 546.

The State's motion for rehearing is overruled.