**Frances GIPSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39375.**

Court of Criminal Appeals of Texas.

May 11, 1966.

Rehearing Denied June 15, 1966.

Phenix, Keeling & Wilder, by C. A. Keeling, Henderson, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for assault with intent to murder without malice; the punishment, two years in the penitentiary.

The sufficiency of the evidence to support the conviction is challenged by appellant on the ground that the proof fails to show that she had the specific intent to kill the injured party.

It was undisputed that on the night in question the appellant and her husband committed an assault upon Mrs. Lerah Wicks, the injured party. It appears that the parties had been friends for several years but that prior to the date of the assault Mrs. Wicks, on occasions, had complained to appellant that her husband was going with the injured party's daughter.

Mrs. Wicks testified that on the night in question, in response to a telephone call from her daughter, she left her home and went to a service station in New London. In a very few minutes an automobile was driven up. Appellant got out, came to the injured party's automobile and asked her to get out, saying: " 'I want to talk to you.' " After the injured party declined to get out, Mr. Gipson appeared on the scene and jerked her out of the car onto the pavement. Mrs. Wicks testified that she was then assaulted by appellant and her husband until she became unconscious. She stated that in the assault she was kicked in the head, side, and legs by the husband and that she saw a metal instrument in appellant's hand with which she dug into the injured party's left eye and cut her on the head and back. While the assault was being committed, appellant's husband said: " 'If you don't beat the hell out of that bitch, I am going to kill you.' " Mrs. Wicks also testified:

"And the last thing I remember was they said, 'Oh, there is a car light, a car coming,' and then one of them stomped me in my left side."

A metal can opener was found at the scene after the assault.

It was further shown that after the assault the injured party was taken to a hospital in Henderson, where she remained twelve days and was treated for her injuries by Dr. H. A. Suehs.

Dr. Suehs testified that when he first saw Mrs. Wicks in the hospital "her face was covered with blood due to a laceration to the left side of her forehead and her supraorbital ridge and also in her upper eyelid, and multiple scratches and abrasions all over her face and body and arms." He stated that his admitting diagnosis was: "Mild cerebral concussion, contusion to the left forehead, laceration of the left eyebrow and left upper lid, contusion of the left abdomen with hematoma formation," and that he later added to the diagnosis: contusion of the left kidney, which was the result of a forceful blow. The doctor described the various abrasions, contusions, and scratches on the injured party and stated that she had received "quite a few" violent blows to the body. It was his medical opinion that the eye injury was produced by a blunt object. An x-ray of the chest revealed a possible fracture of the left tenth rib and some small areas of collapse of the lungs. Dr. Suehs further stated that, while he did consider Mrs. Wicks's injuries serious and they could have produced death "if they had continued," he never did place her on the critical list and he did not think she was going to lose her life. The doctor also stated that she could have lost her life if she had developed an infection, superimposed upon the injuries, but that infection did not develop.

Appellant admitted engaging in the fight with the injured party and having a "beer opener" in her hand at the time but she denied that she had any intention to kill.

Appellant insists that the evidence is insufficient to show a specific intent to kill, under the rule stated in Ammann v. State, 145 Tex.Cr.R. 34, 165 S.W.2d 744, wherein this court said:

"The specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160, P.C., Vernon's Ann.P.C., Art. 1160. Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and cir-

cumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon. Branch's P.C., § 1636; Franklin v. State, 37 Tex. Cr.R. 113, 38 S.W.2d 802, 1016; Basquez v. State, 114 Tex.Cr.R. 602, 26 S.W.2d 206; Rose v. State, 123 Tex.Cr.R. 261, 58 S.W.2d 526."

While the weapon used by appellant in the instant case was not a deadly weapon per se, the surrounding facts and circumstances are sufficient to show an intent to kill. The evidence shows a joint assault committed upon Mrs. Wicks by appellant and her husband. Mrs. Wicks was sixty-two years of age on the day of the assault. Appellant was thirty-nine years old. Violent blows were inflicted upon Mrs. Wicks. The injuries inflicted were serious.

The evidence is sufficient to show that appellant and her husband were acting together in the assault. The court charged the jury on the law of principals. The jury was, under all the facts and circumstances, warranted in finding that appellant had the specific intent to kill. The evidence is sufficient to sustain appellant's conviction as a principal. See: Jennings v. State, Tex.Cr.App., 367 S.W.2d 670.

We have considered the cases of Barnes v. State, 172 Tex.Cr.R. 303, 356 S.W.2d 679, and Blount v. State, Tex.Cr.App., 376 S.W.2d 844, and conclude that, under the facts, they are distinguishable from the case at bar.

The judgment is affirmed.

Opinion approved by the court.

OPINION
ON APPELLANT'S MOTION FOR
REHEARING

MORRISON, Judge.

Appellant concedes that she was guilty as a principal, but contends that the offense which she committed was aggravated assault and not assault with intent to murder. Reliance is had especially on the opinion of the majority in the recent case of Blount v. State, Tex.Cr.App., 376 S.W.2d 844. While we concluded in our original opinion that Blount was distinguishable from the instant case, we shall point out a few additional facts. In Blount the attacker was acting alone, was 52 years old and weighed 175 pounds, while the victim was 34 years old, weighed 210 pounds and ultimately subdued the accused. In the case at bar the record reflects that the appellant was actively assisted in her attack upon the injured party by her six feet three inch tall husband, who weighed 224 pounds, and that the attackers desisted only when they saw the lights of an approaching automobile.

In addition to the specific injuries set forth originally, this record reveals that the injured party suffered a severe contusion of the buttocks, a sprained and contused shoulder, contusions on her legs and chest, two black eyes and an abrasion behind the right ear, and that a urinalysis showed a large quantity of fresh blood in her urine.

These facts in addition to those set forth originally are sufficient to show serious multiple wounds and distinguish the two cases.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

DISSENTING OPINION
ON APPELLANT'S MOTION FOR
REHEARING

WOODLEY, Judge.

To that portion of the majority opinion on appellant's motion for rehearing which attempts to distinguish Blount v. State, Tex.Cr.App., 376 S.W.2d 844, I respectfully dissent.