Raymond GUILLORY, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 39897.

Court of Criminal Appeals of Texas.

Dec. 14, 1966.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

Appellant was convicted of murder with malice and assessed a punishment of 15 years.

Trial and notice of appeal were prior to January 1, 1966.

The statement of facts reflects the following:

On January 10, 1964, appellant entered Guillory's Cafe in Beaumont at approximately 11:15 A.M., and proceeded to the rear of the dining area of the cafe to a booth where his wife, Eva Guillory, the deceased, was sitting. He told her that he wanted to talk to her. The evidence is conflicting as to any further conversation, but moments later appellant slapped his wife in the face. His wife then stood up and walked toward the back door of the cafe, but was stopped by appellant, and the two argued in the kitchen, which adjoined the rear entrance. According to witnesses (there were no eye witnesses to the shooting besides appellant), within minutes there was a shot, then a scream by Eva Guillory, and then another shot. Appellant then awaited the arrival of the police, peacefully surrendering himself and his gun to them when they arrived.

The police found the deceased on the floor of the cafe with gunshot wounds in her left shoulder and stomach. She died that same day from internal bleeding caused by these wounds.

There was testimony to the effect that appellant and his wife were estranged, and that his wife had filed for divorce against him; that appellant had threatened his wife at previous times because she had been dating other men; and that there had been many previous arguments between the two.

Appellant, testifying in his own behalf, stated that his wife had called him the morning of the shooting, wanting to talk with him with regard to their pending divorce action. He testified that he always carried a pistol because there had been several robberies at his place of business, and because he frequently carried large sums of money. He stated that he walked up to her while she was sitting in the booth and told her he wanted to talk with her; that she cursed him so he slapped her. He said he wanted to talk with her in the kitchen so they would be in private, but that when they reached the kitchen, he discovered that she had picked up a butcher knife which had been on the counter. He testified that he was scared of her because he had a broken leg and she had previously attempted to kill him. He stated that while he was in this frightened state he shot her, but that he had never intended to kill her.

The evidence is sufficient to support the conviction.

No formal bills were filed by appellant, and no brief has been filed.

We have examined the informal bills contained in the record and and find no reversible error.

The judgment is affirmed.