Lawrence Ernest **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40703.

Court of Criminal Appeals of Texas.

Nov. 1, 1967.

Rehearing Denied Jan. 3, 1968.

George S. McCarthy, Amarillo, (on appeal only), for appellant.

Gene Compton, Dist. Atty., Thomas V. Priolo, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, 10 years.

Trial was before a jury on a plea of not guilty. The sole defense was insanity.

The charge of the court was in two parts. The first presented *the defense* of insanity and submitted the issue of whether appellant was insane *at the time the offense was*

*alleged to have been committed.* Part 2 of the charge was to be considered only in the event the jury found appellant sane at the time of the alleged offense.

The jury found appellant sane at such time and found him guilty of assault with intent to murder with malice and the court assessed the punishment.

In addition to assault with intent to murder with malice the court, in his charge, submitted assault with intent to murder without malice and aggravated assault.

The issue of insanity at the time of the trial was not raised by the evidence or submitted to the jury.

In his brief filed in the trial court appellant seeks to raise interesting questions predicated upon the separate submission of the defense of insanity.

There were no objections to the charge. Even so, it does not appear from the record that the separate submission of the defense of insanity was calculated to injure the rights of appellant or that it deprived him of a fair and impartial trial.

■ It follows that, though somewhat irregular, such separate submission did not constitute error for which the judgment should be reversed. Arts. 36.14 et seq. Vernon's Ann.C.C.P.

The remaining grounds of error which are sufficiently set forth in appellant's brief to require consideration relate to the sufficiency of the evidence.

Ground 2 is that the uncontradicted testimony was that at the time of the alleged assault appellant did not know that he was committing it.

Ground 3 is that there was "no evidence of malice expressed" and no evidence that the injuries were inflicted by a deadly weapon.

Ground 4 is that the record is devoid of any testimony of wilfullness and malice.

While appellant so testified, and the psychiatrist he called expressed the opinion that he did not know at the time he was committing the assault, appellant testified at the trial that he then remembered committing it and fully corroborated the testimony of the assaulted party, and the psychiatrist called as a defense witness expressed the opinion that appellant was capable of knowing right from wrong and the nature and quality of his act, though his opinion was that appellant's "ability to understand the nature of his act *at the exact time* was very definitely severely impaired."

He further testified that he had not recommended that appellant be discharged from the Air Force because of mental derangement and did not think he should be.

The record reflects that Mrs. Gibbs, upon whom the assault was alleged to have been made, was at home talking over the telephone when appellant, an aircraft mechanic with whom she and her husband had friendly relations, came to her door asking for assistance because of some reported car trouble he was having. After he had been admitted to the house and had, in a short conversation, inquired as to when Mr. Gibbs would be home, appellant struck Mrs. Gibbs on the back of her head with a soft drink bottle with such force as to break and shatter it. He then grabbed Mrs. Gibbs, wrestled her to the floor and began stabbing her with her kitchen knife that she had just sharpened.

The knife is referred to in the testimony as "a butcher knife" and a "kitchen knife." The size of the knife or length of the blade is not shown. However, the knife which was found after the assault bent in an "L" shape was introduced in evidence at the trial and is available upon request for inspection by this Court. Art. 40.09, Sec. 15, V.A.C.C.P.

The wounds inflicted by appellant on Mrs. Gibbs with the knife included seven stab wounds, in her chest close to the heart, and in her wrist, forearm, armpit and back

respectively, and her finger was almost severed when she grabbed the knife to prevent further stabbing. As a result of such injuries, Mrs. Gibbs was in a state of shock when the doctor saw her in the emergency room. The wound in the chest required the insertion of a tube in the chest cavity for the purpose of expanding the lung and removing blood that had accumulated in the chest cavity and blood transfusions were required.

The chest wound near the heart, according to the medical testimony, was not superficial in nature and was capable of producing death.

Appellant testified that he did not remember what was in his mind when he hit Mrs. Gibbs with the bottle but his reason for stabbing her with the knife was that she started screaming and was clawing at him "to keep me from hitting her any more."

■ Wounds inflicted on the injured party may be looked to in determining whether or not the knife used in the assault was a deadly weapon. Barnes v. State, 172 Tex.Cr.R. 303, 356 S.W.2d 679; 4 Branch's Ann.P.C.2d 132, Sec. 1753; 4 Branch's Ann.P.C.2d 175, Sec. 1815.

Malice may be inferred from all of the circumstances and this Court has held that a defendant who stabbed the deceased intentionally without justification or excuse with a broken bottle, inflicting the wound which ultimately produced death, acted with malice aforethought though there had been no previous encounter between the defendant and the deceased. Johnson v. State, Tex. Cr.App., 401 S.W.2d 837. See also Guillory v. State, Tex.Cr.App., 409 S.W.2d 402.

■ Other recent decisions which sustain our conclusion that the evidence is sufficient to sustain the jury's finding that appellant made the assault with the specific intent to kill Mrs. Gibbs include Young v. State, Tex.Cr.App., 384 S.W.2d 710; Gipson v. State, Tex.Cr.App., 403 S.W.2d 794; Flores v. State, 168 Tex.Cr.R. 629, 331 S.W.2d 219; and Richard v. State, No. 40,603, Tex.Cr.App., decided October 25, 1967. See also Ammann v. State, 145 Tex.Cr.R. 34, 165 S.W.2d 744.

We find the evidence sufficient to sustain the conviction.

There remains what appears to be an attack upon the conviction upon the theory that appellant was denied his right to effective aid of trial counsel.

While appellant's brief refers to his employed attorney on appeal and his reluctance to criticize his court appointed trial attorney, we find nothing in the record to show that appellant was indigent or that his trial counsel was court appointed.

Be this as it may, the contention that proper representation by one in some degree experienced in criminal trial work would have prevented the unobjected to occurrences alleged to be error and prevented damaging conclusions that were not borne out by any testimony and were highly prejudicial to the rights of appellant before a jury, are not deemed such as to present the constitutional question. This is especially so in the absence of any showing that appellant's trial counsel was inexperienced or incompetent or that appellant's trial was a mockery.

■ The constitutional right to counsel does not mean errorless counsel and counsel is not to be judged ineffective by hindsight. Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

The judgment is affirmed.