Harry Lee WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44545.

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied March 22, 1972.

Ben L. Aderholt, Houston (Court Appointed on Appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James Skelton, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for assault with intent to murder with malice aforethought. Following a jury verdict of guilty, the court assessed the punishment at ten years.

The sufficiency of the evidence is challenged.

On May 29, 1970, appellant went to East 7th Street in Houston to see a Mrs. Kay Tolley. Hearing she was not at home, he awaited her return with some of her neighbors. Eventually Mrs. Tolley appeared followed by her landlord (and appellant's former landlord), Ray Neatherlin. Several steps behind them was Bill Stacy, one of Neatherlin's tenants. Appellant appeared nervous, placed his hand in his right pocket and pulled up his trousers. He approached Neatherlin who asked him for money to cover some "hot checks" (apparently for rent) and accused appellant of leaving his apartment dirty. Appellant denied the accusations. Neatherlin told him to either pay his rent or get off his property. Then appellant hit Neatherlin around the neck. During the ensuing fight which lasted several minutes Neatherlin knocked appellant down about three times. Appellant got up each time and "hit" Neatherlin. Then Stacy said: "Ray, look out, I think he's got a knife." Stacy then saw a part of a knife blade in appellant's hand, pulled out a gun and told appellant to drop the knife. Appellant dropped the knife. Stacy then saw that Neatherlin had been "cut all to pieces."

The testimony shows that Neatherlin had been cut in the throat, stabbed in the chest, cut three times over the heart and once in the stomach causing his intestines to hang out. He was taken to the hospital by Stacy where a total of forty-eight stitches were required to repair the cuts.

■ In his first ground of error, appellant complains that the trial court did not charge the jury on self-defense. Even if the issue of self-defense was raised by the evidence, the matter is not before us for review, because there was no objection in writing or a written request for such an issue as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P. Martinez v. State, Tex.Cr.App., 448 S.W.2d 488.

■ In his second ground of error, appellant contends the evidence was insufficient to prove an assault to murder with malice aforethought. A pocket knife is not per se a "deadly weapon." Barnes v. State, 172 Tex.Cr.R. 303, 356 S.W.2d 679. However, the mode and manner of its use, Richards v. State, 147 Tex.Cr.R. 118, 178 S.W.2d 517, and the wounds inflicted on the injured party, Reed v. State, 149 Tex. Cr.R. 208, 192 S.W.2d 890, are factors in determining the character of the weapon and the intent to kill. The jury had sufficient evidence on these factors to determine beyond a reasonable doubt that appellant had a specific intent to kill Neatherlin. See Samuel v. State, 471 S.W.2d 611 (this day decided).

■ In a fourth ground of error, appellant complains of a remark made by the trial judge during voir dire examination of the prospective jurors. No objection was made to the statements of the judge. His contention is that the trial judge conveyed to the prospective jurors his opinion of the case when he responded to one of their questions. The judge had just stated to the prospective jurors that it would be the court's responsibility to charge upon the law and their responsibility to apply the facts to the law. When he asked if any

juror felt he or she could not do this the following occurred:

"A JUROR: Pardon me, does this mean the taking of a life or something like that might be involved?

"THE COURT: The charge for the offense is assault with intent to murder with malice aforethought from the indictment and that's all I know about it. There is no death resulting, but *there was an intention to kill.* (Emphasis supplied) Is that your question, what the charge or what the result of a conviction might be?

"A JUROR: That's right."

The trial judge then told them that "the result of a conviction would not be the responsibility of this jury to determine." He continued, however, to explain the possible range of punishment for assault to murder with malice aforethought and without malice aforethought and of the possibility of probation. He concluded by telling them again that the issue of guilt would be the only one for them to determine and asked if this answered the question. The juror replied that it did.

Appellant complains of the emphasized words above. While the words literally appear to state an opinion they do not do so in the context of the judge's remarks. He also told them in these remarks that "I cannot anticipate what the facts will be in the case, because I haven't heard the evidence."

Hence, we conclude that the remark made in the particular context was not such that could be reasonably calculated to prejudice the appellant's rights. Howard v. State, Tex.Cr.App., 420 S.W.2d 706. Further, we note that no objection was made to the remark. See generally Minor v. State, Tex.Cr.App., 469 S.W.2d 579. No reversible error is shown.

■ In a supplemental brief appellant claims the trial court committed fundamental error by failing to direct that appellant wear something other than Harris County Jail clothes during his jury trial. The record reflects two references to appellant's dress during the trial: one referred to him as wearing a "white uniform" and the other as wearing a "uniform." During voir dire of the jury panel the following statement was made by the prosecutor:

"This defendant is sitting in jail clothes. I am assuming he's been in jail to the time of this trial. You are not to take this into consideration. The fact a man is in jail clothes shouldn't make you feel he is guilty any more than if he were in street clothes."

The record reflects that this voir dire took place between 10:45 and 11:50 a. m. The jury was sworn in, the indictment read, a plea of "not guilty" entered, and the appellant was arraigned prior to separation for lunch. Undoubtedly the prospective jurors did view appellant in jail clothes.

Appellant claims that trying him in jail clothes infringed his fundamental right to be presumed innocent. Appellant did not object to this at or before trial. In Ephraim v. State, Tex.Cr.App., 471 S.W.2d 798, the defendant objected to being tried before a jury in jail clothing.

Absent an objection, it is presumed that he was willing to go to trial in jail clothing.

"A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error." Hernandez v. Beto, 443 F.2d 634, 637 (5th Cir. 1971).

We are in agreement with this statement by the Fifth Circuit.[1]  No error is shown.

■  Finally, appellant complains in his third ground of error of ineffective assistance of counsel at trial.  Although the record shows that appellant requested and was appointed counsel, the attorney so appointed did not represent him at the trial. It is not shown if trial counsel was appointed or retained.  He complains that trial counsel made only one objection during the trial and made no objections to the court's charge, introduced no evidence on self-defense and did not subpoena a witness thought necessary by the appellant.

The record shows that counsel had the case postponed from July 15, 1970, to November 9, 1970.  Counsel questioned the jury panel extensively on voir dire and cross-examined each of the State's witnesses attempting numerous times to raise the issue of self-defense.  He was, however, unsuccessful in getting anyone to support his theory that Neatherlin was the aggressor.  In his jury argument he argued that the facts showed no intent to kill and even attempted to argue self-defense.  The record as a whole shows "[t]he trial could not be classified as a farce or mockery of justice which was shocking to the conscience of the Court, or one where the purported representation was only perfunctory, in bad faith, sham, pretense, or without adequate opportunity for conference or presentation."  Thompson v. State, (No. 44,071, November 2, 1971).

We conclude that appellant's contention is without merit.

There is no reversible error.  The judgment is affirmed.

MORRISON, J., not participating.

1.  Often as a matter of strategy, an appellant wants to be tried in jail clothing.  It is common for a defense counsel to prove

before the jury how long a person has been in jail.  Garcia v. Beto, 452 F.2d 655 (5th Cir. 1971).