JOE FREGIA, ALIAS JOE WILLIAMS, v. THE STATE

No. 4022. Decided April 5, 1916.

1.—Assault to Murder—Charge of Court—Ability to Commit—Deadly Weapon.

Where, upon trial of assault to murder, there was conflict in the testimony as to whether the pocket knife used in the assault was a deadly weapon, and that the distance between the parties was too great for defendant to have committed the assault, and the court charged the jury that the weapon used was a deadly weapon, and as used, if the jury so found, would entitle the State to a conviction for assault to murder, the same was reversible error.

2.—Same—Charge of Court—Deadly Weapon—Intent to Kill—Aggra-
    vated Assault.

To constitute assault with intent to murder, the intent to kill coupled with
an ability to commit the battery upon the person assaulted must be proved, and
if defendant was acting under the influence of sudden passion aroused by an
adequate cause, death not resulting, the same is aggravated assault, and proof
that the weapon used was a pocket knife is not sufficient of itself to show that
the intent was to kill, and the jury should have been properly instructed under
this phase of the case.  Following Martinez v. State, 35 Texas Crim. Rep., 386,
and other cases.

Appeal from the District Court of Liberty.  Tried below before the
Hon. J. Llewellyn.
. Appeal from a conviction of assault with intent to murder; penalty,
two years imprisonment in the penitentiary.
The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On ques-
tion of deadly weapon:  Branch's Criminal Law, sec. 516.

DAVIDSON, JUDGE.—Appellant was convicted of assault to murder,
his punishment being assessed at two years confinement in the peni-
tentiary.
. Exceptions to the court's charge were presented in due time, prop-
erly approved by the judge.  The exceptions are, first, that it is not
authorized by the undisputed evidence of the State's witnesses, which
testimony shows that defendant was at no time within such distance
of Lizzie Fruger as to inflict injury upon her with the knife; second,
there is no evidence that authorizes the submission to the jury of a
charge of assault with intent to murder with a deadly weapon.
The court submitted the State's case on the theory that the weapon
used was a deadly weapon, and as used, if the jury so found, would
entitle the State to a conviction for assault to murder.  It is deemed
unnecessary to go into a detailed statement of the facts.  The alleged
assaulted party was appellant's wife.  The trouble occurred at a social
function, defendant coming upon the scene and finding his wife selling
ice cream in connection, or apparently so, with another man.  There
had been trouble between defendant and his wife.  She testified that
he had been cruel to her prior to this time, having made personal
assaults on her.  The only evidence in the case with reference to the
instrument used was that it was a pocketknife.  Its length, or its size,
is not given, except that it was a pocketknife.  There is some dispute
as to whether it was open or not, even from the State's standpoint, but
there is conflict in the testimony from the defendant's side that it was
not, and that he did not make an assault upon her with a knife.  The
evidence is variant as to the immediate difficulty, the wife testifying
that appellant had a pocketknife and cut at her.  He denied this.  The
distance between them or whether she was in danger of being cut by

the knife is left too uncertain and indefinite, we think, to show that he was within striking distance by means of the use of the knife. He followed her to her father's house and nearby was shot by the man who was with her at the social function.

The court should not have assumed under these facts that the weapon was a deadly weapon. A pocketknife is not per se a deadly weapon, and in order to constitute it such there must be evidence to show that it was so used. The court did not instruct the jury with reference to this particular matter, but simply submitted the matter to the jury to find if appellant made an assault with a deadly weapon upon the alleged assaulted party they would convict of assault to murder, if there was an intent to kill, and if not, then it would be aggravated assault. We are of the opinion that the court's charge is erroneous. It should have instructed the jury that before he could be convicted of assault to murder he must be within such distance that he could have inflicted an injury upon the alleged assaulted party by the use of the means employed, and further, that the jury should have been instructed as to what it takes to constitute a deadly weapon, especially under the facts of this case. If he had a pistol and was shooting at her within short range we would have had a different proposition, but the only evidence we have here is the fact stated and undisputed that it was a pocketknife, without any further description. To the mind of the writer the facts do not justify the conviction of assault to murder. See Branch's Crim. Law, sec. 517. Mr. Branch thus lays down one of the rules: "If weapon is not shown to be deadly, or wounds serious, it is not assault to murder, though defendant said he intended to kill; the desire to kill is not proof that weapon was deadly." Cage v. State, 77 S. W. Rep., 806; Foster v. State, 39 Texas Crim. Rep., 399; Sloan v. State, 76 S. W. Rep., 922. To constitute an assault with intent to murder, the assault must be coupled with an ability to commit a battery upon the person assaulted. McCullough v. State, 24 Texas Crim. App., 128. See also the statute. If defendant was acting under the influence of sudden passion aroused by an adequate cause, conviction for assault to murder, death not resulting, will not be sustained. Mays v. State, 19 S. W. Rep., 504. Proof that weapon used was a pocketknife is not sufficient of itself to show that the intent was to kill. Martinez v. State, 35 Texas Crim. Rep., 386.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*