The judgment will be reversed, and the cause remanded.

## G. R. COLEMAN et al. v. STATE.
### No. 13275.

Court of Criminal Appeals of Texas.
May 7, 1930.

Scarborough, Ely & King, of Abilene, for defendant Crume.

Frank E. Smith, Co. Atty., of Abilene, and A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

This is an appeal from a final judgment on a forfeited bail bond.

This is a companion case to cause No. 13274, G. R. Coleman et al. v. State, 28 S.W.(2d) 144, opinion this day handed down. The two cases are exactly alike upon their facts, and in our opinion should be disposed of in the same way. Upon the reasoning and authorities cited in said cause No. 13274, the judgment herein will be reversed, and the cause remanded.

## COX v. STATE.
### No. 13223.

Court of Criminal Appeals of Texas.
May 7, 1930.

W. J. Oxford, of Stephenville, and L. J. Wardlaw, of Fort Worth, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for murder; punishment, eighteen years in the penitentiary.

We see no good to come from a statement of the facts in this case. The charge of the court submitted to the jury the question of inflicting a penalty in excess of five years. This charge the court was not authorized to give, the indictment failing to charge a killing upon malice aforethought.

The indictment having failed to set out an allegation that the killing was upon malice aforethought, the action of the jury in assessing a penalty in excess of five years would necessitate a reversal. There is complaint of the form of the court's definition of malice aforethought. Without setting it out, it is suggested that it is better to follow approved forms.

There is complaint in a bill of exceptions of statements made by deceased, introduced upon the theory that they were part of the res gestæ. So much of same as contained the statement of deceased, in effect, "I am dying from hunger, I am starving to death," should not have been received. See section 162, Underhill on Criminal Evidence.

The judgment will be reversed, and the cause remanded.

## JONES v. STATE.
### No. 13242.

Court of Criminal Appeals of Texas.
May 7, 1930.

Fletcher S. Jones, of Beaumont, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for assault to murder; punishment, two years in the penitentiary.

Appellant was charged in proper form with assault to murder Daisy Newman. The facts show that on the night in question there was a fight between the two women, and that appellant used some sharp instrument and inflicted a wound upon Daisy Newman, bringing blood. The record does not contain any testimony shedding light upon the size, kind, or character of the sharp instrument used by appellant, nor is there any testimony that the wounds inflicted upon Daisy Newman were serious, or that they amounted to serious bodily injury. She was taken to a hospital and given treatment, but came back downtown the same night and was at her work the next day. The learned trial judge declined to charge the law of simple assault. The state's attorney with this court in his brief admits that the evidence is insufficient to justify a conviction for assault with intent to murder. We are inclined to agree with him. We think the court should have charged on simple assault under the facts.

The judgment is reversed, and the cause remanded.