GEORGE SOFGE V. THE STATE.

No. 19177.   Delivered December 22, 1937.

The opinion states the case.

*W. A. Anderson, Glenn R. Lewis,* and *Robert T. Neill,* all of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The assault occurred at a beer tavern.   According to the testimony of the State, appellant, who was drunk, had been creating a disturbance in the tavern.   B. W. Hutcherson, the sheriff of the county, entered the tavern and made an effort to quiet appellant.   He was unarmed at the time, and, when appellant threatened to kill him, he returned to his car and got a pistol.   When he reentered the tavern appellant had been carried to the back door by two men.   The sheriff followed them, and, according to the testimony of the State, as he came within striking distance, appellant reached around one of the

men who was with him and stabbed him (the sheriff) near the left nipple. Appellant was then arrested by the sheriff and carried to jail. Later the sheriff went to a doctor and had his wound probed and dressed. The doctor testified that the wound was wide and went to the rib. He expressed the opinion that it would have produced death if the weapon had not struck a rib. The weapon used by appellant was merely described as being a knife. There was no testimony concerning the size and length of the blade. The sheriff was treated one time and left the office of the physician. The wound appears not to have been serious.

According to appellant's version, he was drunk and did not recall anything that transpired on the occasion of the assault.

It is appellant's contention that the evidence is insufficient to support a conviction for an assault with intent to murder. We think, under the holding of this court in Hunt v. State, 250 S. W., 168, and Fregia v. State, 185 S. W., 11, that appellant's contention should be sustained. In Fregia's Case this court quoted from Section 517, Branch's Criminal Law, as follows:

"If weapon is not shown to be deadly, or wounds serious, it it not assault to murder, though defendant said he intended to kill; the desire to kill is not proof that weapon was deadly."

We take the following quotation from Jones v. State, 28 S. W. (2d) 146:

"Appellant was charged in proper form with assault to murder Daisy Newman. The facts show that on the night in question there was a fight between the two women, and that appellant used some sharp instrument and inflicted a wound upon Daisy Newman, bringing blood. The record does not contain any testimony shedding light upon the size, kind, or character of the sharp instrument used by appellant, nor is there any testimony that the wounds inflicted upon Daisy Newman were serious, or that they amounted to serious bodily injury. She was taken to a hospital and given treatment, but came back downtown the same night and was at her work the next day. The learned trial judge declined to charge the law of simple assault. The State's attorney with this court in his brief admits that the evidence is insufficient to justify a conviction for assault with intent to murder. We are inclined to agree with him. We think the court should have charged on simple assault under the facts."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.