### F. D. ROBESON v. THE STATE.

No. 19206. Delivered December 22, 1937.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for ten years.

The appellant and his wife were divorced on January 27,

1937. They sold their home to one Faircloth, who was living in it at the time of the incident upon which the prosecution is based. The property had been divided with the exception of some tools, and the parties met by agreement for the purpose of making the division on a certain day. After the division of the property had been made, the appellant stated to his former wife that she was not the proper person to raise their children and that he was going to kill her. He was armed with a shotgun and a pistol at the time. He laid the shotgun against the fender of his wife's car, then walked to his car, which was parked some distance away, and took a drink of liquor. While he was so engaged the prosecutrix took possession of the shotgun, put it in her car and started to drive away. Appellant commanded her to stop, stating that he had another gun. He then produced a pistol. He asked her if she would sell her property and go with him to Utah. This she declined to do. Appellant then returned to her car and invited her to go to the hydrant for a drink of water. She pretended to comply with his request, but started running toward the Faircloth home, which was nearby. With the pistol in his hand, the appellant followed his former wife into the home mentioned and placed himself in a position to shoot her. Upon observing the appellant's conduct, Faircloth entered the house and dispossessed appellant of the pistol.

That the appellant had formed the design to kill his former wife, judged from his acts as well as from his words, seems questionable.

The appellant's former wife was permitted to testify on the trial, over objection, that on the morning after the altercation, a complaint was filed against the appellant. He was arrested and placed under a peace bond, which he failed to give, and as a result he was confined in jail. The trial judge sustained the appellant's objection to the introduction of this testimony and instructed the jury not to consider it for any purpose. The fact that after the assault the wife took steps to have the appellant placed under a peace bond was not a relevant matter. Moreover, proof that he was unable to give bond and was compelled to remain in jail until the trial was not admissible. Such testimony was calculated to further discredit him in the minds of the jury.

The State's attorney before this court concedes that the evidence is insufficient to sustain the conviction of assault with intent to murder, and in this view the writer is inclined to concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*