ALFREDO LOZANO v. THE STATE.

No. 20923.   Delivered March 13, 1940.

The opinion states the case.

*W. B. Barbour* and *Edward Hargrove,* both of Cotulla, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.
Appellant was convicted of assault with intent to murder without malice one Pablo Benavides; and his punishment assessed at two years in the penitentiary.

No bills of exception are brought forward. The sufficiency of the evidence to support a verdict of assault to murder is challenged. This is the only question in the case.

Felipe Anchando, the main State's witness besides Benavides, figures largely in the transaction. We gather from the

evidence that both Anchando and Benavides were friends of appellant. The record reflects that there had been no previous trouble between appellant and either of the parties named. Benavides worked in a place where beer was sold; Anchando entered the place and Benavides invited him to have a bottle of beer. About this time appellant came into the back door and he insisted on paying for the beer, but was told by Anchando that it had already been paid for. Apparently appellant became offended because he was not permitted to pay for the beer, and invited Anchando outside, saying he (appellant) wanted to talk. Anchando set his bottle on the counter and went outside. Appellant cursed him and a fist fight ensued which Anchando apparently got the better of. Benavides went out the back door to find out what had become of Anchando. Appellant got possession of a hoe with which he struck Benavides one blow, cutting his arm. He made no effort to strike Benavides again, but turned his attention to Anchando. The wound inflicted on Benavides was so slight that no medical attention was sought until the second or third day after receiving it, at which time Benavides went to San Antonio to seek medical advice for some other ailment. The wound had become inflamed to some extent and the doctor then treated it. We have no further description of the wound than as indicated. The only description of the hoe found in the record is that it was "above the average weed hoe." No proof was made as to its weight or as to its probable effect when used as a weapon to strike with.

It is insisted by appellant that the weapon here used was not shown to be a deadly weapon, nor that the wound inflicted was serious, and, therefore, that the evidence fails to show an assault with intent to murder.

For support of the principle urged, we are referred to Branch's Ann. Tex. P. C., Sec. 1661, and cases there cited; also to the following authorities. Fregia v. State, 79 Tex. Cr. R. 334, 185 S. W. 11; Hunt v. State, 94 Tex. Cr. R. 155, 250 S. W. 168; Jones v. State, 116 Tex. Cr. R. 30, 28 S. W. (2d) 146; Dodd v. State, 134 Tex. Cr. R. 26, 113 S. W. (2d) 540; Sofge v. State, 133 Tex. Cr. R. 409, 111 S. W. (2d) 720. While the proposition relied on by appellant has frequently been upheld as a guide for determining whether an assault was committed with intent to murder, the same is not always a true criterion. The facts may show that an accused had a most serious intent to kill but that the weapon at hand was ordinarily inadequate for the purpose. Under such circumstances the following cases have application: Basquez v. State, 114 Tex. Cr. R. 602; 26 S. W. (2d) 206, and authorities therein cited; Rose v. State,

123 Tex. Cr. R. 261, 58 S. W. (2d) 526; Bailey v. State, 123 Tex. Cr. R. 206, 58 S. W. (2d) 834. Under the authorities last cited, whether or not the hoe used by appellant was a deadly weapon if it was possible to inflict death with it, and appellant intended to take the life of Benavides, he might be guilty of assault with intent to murder. The evidence, however, fails to impress us as being sufficient to exhibit an intent to kill. The blow was so slight that the wound inflicted was not thought by Benavides to amount to anything. He testified: "I didn't think it a bad cut," and when it was treated by the doctor, he was consulted about another matter and gave no evidence as to the character of the wound. The evidence shows that appellant did not follow the one blow with any further effort to inflict injury upon Benavides.

While this Court is always hesitant to disturb the verdict of the jury, circumstances are sometimes presented where it becomes our duty to do so, as apparently was anticipated by the Legislature in the enactment of Article 848 C. C. P., which provides: "The Court of Criminal Appeals may reverse the judgment in a criminal action, as well upon the law as upon the facts. A cause reversed because the verdict is contrary to the evidence shall be remanded for new trial."

For the reasons indicated, the judgment is reversed and the cause remanded.