JOHN MEEKINS V. THE STATE.

No. 21504. Delivered March 19, 1941.
Rehearing Denied April 23, 1941.

The opinion states the case.

R. H. Wilson, of Wharton, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State, on submission.

CHRISTIAN, Judge.

The offense is assault with intent to murder; the punish-

ment, confinement in the penitentiary for two years and six months.

Appellant and Walter Carl Sanders were jointly indicted upon a charge of making an assault with malice aforethought upon A. F. Schaer with the intent to kill him. Appellant alone was placed upon trial. Schaer was a constable. He had arrested appellant and Sanders and carried them before a justice of the peace in East Bernard. After the justice of the peace had issued a commitment Schaer and his son started with appellant and Sanders in an automobile to Wharton for the purpose of placing them in jail. Young Schaer was driving the car. Appellant and Sanders had been handcuffed together and placed on the back seat of the car. During the journey one of the men struck the constable on the head with a shoe and dazed him. Sanders procured the constable's pistol. He and appellant then directed young Schaer to drive toward some timber. Sanders cocked the pistol and held it on young Schaer. At times he pointed the pistol at the constable. Schaer directed his son to disobey the command of the parties to drive to the timber, and cut off the ignition. A truck approached and Schaer asked the driver to stop. At this juncture appellant commanded Sanders to shoot the constable. Sanders shifted the pistol from young Schaer, apparently in an effort to direct it at the constable, and young Schaer grabbed the pistol, placing his thumb between the hammen and the firing pin. At the same time he squeezed the hand of Sanders. After a brief scuffle he secured possession of the pistol. According to young Schaer's testimony, he did not know whether his action in seizing the pistol caused the trigger to be pulled. In any event the trigger was pulled. However, the presence of the thumb of young Schaer on the pistol in the manner stated kept it from firing. The constable and his son both testified that Sanders had ample opportunity to shoot them from the time he secured the pistol. He had it in his possession from fifteen to thirty minutes and could have used it to kill them at any time during that period.

Appellant did not testify.

We gravely doubt whether the evidence is sufficient to support a conviction for assault with intent to murder. We quote from Buchanan v. State, 74 S. W. (2d) 1022, as follows:

"As requested by the representatives of the State, we have again given careful attention to the facts before us to determine whether we were in error in our original opinion indicating that we did not believe the evidence supported a conviction for the

offense of assault with intent to murder. We find that the sheriff himself testified that there was nothing to have prevented appellant from shooting as he (the sheriff) was walking up toward appellant; that he did not shoot, but had the chance to, and that he did not shoot until after the sheriff had grabbed the gun. The sheriff said, 'He told me to stop, and if I didn't he would shoot and I kept easing up on him until I finally lunged at him and the gun went off.' A controversy or issue was raised as to whether the father of appellant had hold of the gun at the time it was discharged. The sheriff says he did not, but the father testified that he did have hold of the gun and was taking it away from appellant, at which time the sheriff reached over his shoulder and jerked the gun, and that in jerking it the sight on the gun cut the father's hand, and that the gun was discharged as the sheriff jerked it away. Appellant himself testified that he did not fire the rifle at the sheriff and that he did not know how it went off any more than anybody else did. He said there was nothing to keep him from shooting the sheriff from the time he came on the porch until after the rifle was jerked out of his hands. The record before us further shows that after the rifle was taken from appellant he ran away and that some shots were fired by the sheriff and his deputy in the direction which appellant had gone. Appellant secured a shotgun and came back and had another opportunity to shoot the sheriff with this gun, but made no attempt to do so. The sheriff again fired in the direction of appellant, who again ran away.

"We feel impelled to say that under the entire record, viewing it in the strongest light for the State, we have been unable to get our consent to hold the evidence sufficient to sustain a conviction for assault with intent to murder."

Appellant timely and properly requested the court to instruct the jury as follows:

"You are instructed that if you believe the hammer of the gun in the possession of Walter Sanders was accidentally snapped upon the hand of A. F. Schaer, Jr., at the time of the scuffle between A. F. Schaer, Jr., and Walters Sanders, you cannot convict the defendant John Meekins, of assault with intent to murder."

Viewing the record in its entirety, we are of opinion that such an instruction should have been submitted to the jury. If Sanders had no intent to kill the constable appellant would not be guilty of assault with intent to murder, notwithstanding he commanded Sanders to kill Schaer. In view of the fact that

up until the time such command was given the testimony excluded the idea of an intent to kill upon the part of either Schaer or appellant, and of the further fact that the State apparently largely relied upon the pulling of the trigger of the pistol by Sanders to show a specific intent to kill, a conviction for assault with intent to murder would not have been warranted if young Schaer's action in grabbing the pistol and squeezing the hand of Sanders caused the trigger to be pulled. In short, we are of opinion that, in view of the testimony of A. F. Schaer, Jr., the charge should have been given. See Buchanan v. State, supra.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

We have again reviewed the record in the light of the State's motion for a rehearing but see no reason for receding from our position as expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.