BENNIE SMITH, JR., v. THE STATE.

No. 21661. Delivered June 25, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*A. J. Lewis,* of Cameron, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, two years in the State penitentiary.

The parties were negroes. The incident occurred at a gambling house and particularly over a game of "ti-ti," played by the father of appellant and a friend of the injured party.

An extended statement of the facts is not deemed called for. It is sufficient to say that, according to the State's testimony, the appellant, without justification or excuse, cut the injured party with a knife. The wound inflicted began at the point of the chin and ranged down along or across the throat and to the breast bone.

The doctor described the wounds as follows:

"The wound on the neck was at least an inch and a half deep, and indicated the cut may be deeper than your instruments go, on account of the point going in beyond that - - - - - - - - - - - - - - - - - - - - - - - - - - - - - The vein that was probably cut was the anterior jugular of the neck." He expressed the opinion that the wound and injury inflicted was one likely to produce death, and that it would have produced that result but for the prompt medical attention given. The injured party was disabled for eighteen days.

There was testimony of prior ill-feeling between the appellant and the injured party; and, at the time the wound was inflicted, appellant was heard to say, "turn the son-of-a-bitch loose; he is going to die."

According to the appellant's theory, the assault was justified on the ground of self-defense from an actual as well as an apparent attack. Appellant denied any intent to kill.

The knife used, although introduced in evidence, is not described in the record further than as an ordinary pocket knife, with a blade at least three inches in length.

Appellant insists that the facts are insufficient to support the conviction because as a whole they fail to reflect the intent to kill. He cites, in support of his contention, among others, the cases of: Pleasant v. State, 144 S. W. (2d) 545; Fregia v. State, 79 Tex. Cr. R. 334, 185 S. W. 11; and Eagle v. State, 135 Tex. Cr. 606, 122 S. W. (2d) 304.

We cannot agree that these cases are in point or controlling. Here there is a serious and dangerous wound. The lateral jugular vein was cut, and which, the evidence shows, would have caused death but for the prompt medical attention given. These facts, together with the prior ill-feeling and the appellant's res gestae statement at the time, show the intent on the part of appellant to kill. Rose v. State, 58 S. W. (2d) 526, 123 Tex. Cr. R. 261; Basquez v. State, 26 S. W. (2d) 206, 114 Tex. Cr. R. 602; Butler v. State, 100 S. W. (2d) 707, 131 Tex. Cr. R. 543; Lozano v. State, 137 S. W. (2d) 1031, 138 Tex. Cr. R. 549.

Believing the facts sufficient to support the conviction, the judgment is affirmed.

The forgeoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant again strenuously insists that the facts in this case are wholly insufficient to justify and sustain his conviction of the offense of an assault with intent to murder. In view of the fact that we did not set out all the salient facts in our original opinion, we deem it proper to here supplement the same by showing that in addition to the testimony of the doctor briefly stated therein, he further testified:

"The wound I have just described, from its nature and the manner of its infliction, in the absence of proper medical care, very probably would have produced death; and as a rule it will, without interference. I would say that if he hadn't had immediate and proper attention, that the wound inflicted on Charlie Green, from its nature, was a wound that would be reasonably calculated to produce death. I would say it would produce death, without any interference. * * * Yes, a knife with a three-inch blade, stabbed in the neck, could produce death."

Furthermore, it was shown that the injured party was confined to his bed from the wound for a period of fifteen days.

In our opinion, the facts in this case are much stronger than those in Hunt v. State, 250 S. W. 168; Sofge v. State, 111 S. W. (2d) 720, and the other cases cited by appellant.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.