### WALLACE BOOKER V. THE STATE.

No. 21792. Delivered December 10, 1941.

The opinion states the case.

*Shelbourne H. Glover,* of Jefferson, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder without malice is the offense; the punishment, two years in the State penitentiary.

The sufficiency of the evidence to support the conviction is challenged.

According to the testimony of the injured party, he was at a beer tavern, drinking beer and talking with appellant's brother, when appellant, without saying a word, came up and began cutting him with a knife, inflicting some wounds about the face, nose and lip, as a result of which he bled rather freely. He was carried to a doctor, who dressed the wounds and sewed them up. The doctor testified that the wounds were "just local wounds," and said that they appeared to have been made with a knife or some sharp instrument. The knife with which the assault was alleged to have been committed is not identified in this record. There is an absence of any proof as to the size or length of the blade. Notwithstanding the fact that the evidence shows that others were present in the tavern at the time of the occurrence, no witness testified to having seen the assault.

The State's case, in so far as the appellant's guilty connection is shown, is made to depend alone upon the testimony of the injured party. There is no testimony showing that any ill feeling existed between the parties, or motive or reason for the assault. Upon the question of prior relationship between the parties, the injured party testified: "No sir I wasn't mad at Wallace (appellant) that night, and I am not mad at him still. I don't know whether Wallace was mad at my or not, he never said. No sir, there wasn't a word spoken between me and Wallace that night."

The appellant, testifying as a witness in his own behalf, denied that he cut the injured party and denied that he had a knife on that occasion.

Under these facts, there is an absence of proof showing that the instrument with which the assault was committed was a deadly weapon. The injury inflicted was not shown to have been of a serious nature, but, to the contrary, according to

the testimony of the doctor, consisted only of "local wounds." There is an absence of any testimony showing express malice or prior ill feeling on the part of the appellant toward the injured party.

In the light of these facts, we are unable to reach the conclusion that the facts are sufficient to show appellant guilty of the offense of assault with intent to murder. See: Branch's P. C., Sec. 1661; Lozano v. State, 137 S. W. (2d) 1031; 138 Tex. Cr. R. 549; Sofge v. State, 111 S. W. (2d) 720, 133 Tex. Cr. R. 409; Jones v. State, 28 S. W. (2d) 146, 116 Tex. Cr. R. 30; and authorities cited and discussed therein.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.