WARDEAN TEAKELL V. THE STATE.

No. 21968. Delivered March 4, 1942.

472

The opinion states the case.

*Crawford C. Martin* and *Morrow & Calvert*, all of Hillsboro, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judrge.

The appeal is from a conviction for assault to murder with a penalty of one year in the penitentiary.

The indictment alleges that Wardean Teakell committed an assault upon A. D. Granger with intent to murder him on the 13th day of June, 1941. The material facts of the case are disputed by the opposing witnesses and the appeal is presented primarily on the proposition that the State's evidence is insufficient as a matter of law to warrant the submission of the issue of assault to murder to the jury and to support their verdict.

It appears that the parties had met only a few minutes before the occurrence which gives rise to the charge. Prior to that time they had not known each other. The prosecuting witness and his father had assisted appellant in getting his car out of the ditch. At this time appellant's uncle, who had been riding in appellant's car, arranged with the two Grangers to take him to his home and agreed to pay them two dollars and fifty cents. Appellant did not understand the arrangement and, upon seeing the uncle leave with the strangers and knowing that he had considerable money in his pocket and believing also that his uncle was somewhat intoxicated, decided that he would follow the parties and get the uncle away from them. In doing so he bumped into the back of the Granger car. The conflicting story which followed. reveals that the parties had a fight, appellant on one side and the two Grangers on the other, in which appellant appeared to come out third best. An

officer heard of the occurrence on the highway and went to the scene where he found appellant on the ground begging the crowd that had gathered to not let the others kill him. The evidence does not indicate whether or not he was drinking, or whether he was addled by the blow which had struck him on the head as he contended, but it does appear that he was not in a normal state. The father of the prosecuting witness presented a knife to the officers which admittedly belonged to appellant and which the witness said he found on the ground after they quit fighting. The prosecuting witness received injuries, apparently knife wounds, on his left arm and some kind of a wound on his neck. This is as far as the evidence goes. The knife was introduced in evidence and appears to have been transmitted by the clerk with the record in the case, but was lost in the mail and is not before us. There is no evidence to show that the instrument used was capable of producing death. There is no evidence of malice existing between the parties, no threats made, and nothing to show the extent of the wounds, though it is said that appellant was under the treatment of a doctor and carried his arm in a sling for about three weeks. Under this state of facts, it is our conclusion that appellant's contention that the evidence is insufficient must be sustained. Booker v. State, 156 S. W. (2d) 538, and authorities there cited.

In view of another trial, we conclude that the witness Ab Leathers did not properly qualify to be able to testify to the reputation of appellant.

The appellant desired to exhibit to the jury while on the witness stand the scars from the wounds which were inflicted on him. Upon objection being made by the prosecuting attorney this was excluded. We think this was error.

For the reasons stated the judgment of the trial court is reversed and the cause remanded.