## BOOKER T. WILLIAMS V. THE STATE.

No. 23254. Delivered December 19, 1945.

The opinion states the case.

*Irwin & Irwin,* of Dallas and *Marion Reynolds,* of Shamrock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of two years.

There are but two questions presented for review. One relates to the sufficiency of the evidence to justify and sustain the conviction, and the other relates to some remarks made by the District Attorney in his argument to the jury. The record shows much repetition of the evidence. However, we have read it with

great care. The uncontradicted evidence shows that appellant, a negro, went from Dallas to Wheeler County to pick cotton. On the night in question, he came to the town of Shamrock, where he went to a negro cafe and dance hall. There he met people of his race. A man in the dance hall of the cafe invited appellant to join him in drinking a glass of chock beer. About the time that they had finished drinking and set the glass down, Mr. Cox, the constable of said town, entered the building and inquired of appellant what they had. Appellant replied that they had drunk chock beer. The constable, armed with a pistol and a club, commanded appellant to stand up as he desired to "shake him down." Appellant demurred and was rather slow in complying with the command by the officer. The constable struck appellant on the head with the club which, according to the testimony of the officer, was wrested from him but which, according to the testimony of appellant, slipped out of the officer's hand when he struck appellant. This difference in their testimony is not of any material importance. The officer, after having lost his club, drew his pistol, either for the purpose of continuing the assault upon appellant or to shoot him, when appellant grabbed the barrel of the pistol with one hand and with the other he clasped the hand in which the officer had the pistol. A struggle then ensued over the possession of the pistol during which the officer and appellant fell to the floor with appellant on top. While they were in this position the officer hooked his legs over those of appellant and held him. In the struggle each of the parties received some bruises on his head and other parts of the body. However, appellant at no time resorted to the use of any deadly weapon. After they were separated they were both taken to a hospital for medical treatment. The wounds inflicted upon the officer were not serious.

In deciding the qestion of the sufficiency of the evidence, we must apply the law to the facts and decide therefrom the legal rights of the parties involved.

There is no question that appellant and a companion were sitting quietly in the dance hall of the cafe drinking chock beer when the officer entered. It is not claimed that appellant had committed, or was about to commit, a felony, or that he had committed a breach of the peace in the presence of the officer which would have authorized his arrest without a warrant under Arts. 212, 213, and 215, C. C. P. This being true, the arrest, or attempted arrest, as well as the assault by the officer, was illegal and constituted a trespass. Now, what were appellant's legal

rights under the circumstances as they existed at the time? Should he have remained passive and submitted to the illegal arrest and the unwarranted assault, or asserted his legal right to defend himself? The law not only gave him the right to resist the illegal arrest, but the unlawful assault as well. Having that legal right, provided he did not immediately resort to greater force than was reasonably necessary to attain that object, what law did he violate under the circumstances related? None.

Consequently, the trial court should have directed a verdict of not guilty or granted appellant's motion for a new trial. In failing to do either, the trial judge fell into error. In support of the opinion here expressed, we refer to the following cases: Mays v. State, 19 S. W. 504; Spoon v. State, 184 S. W. (2d) 627; King v. State, 132 Tex. Cr. R. 200, and cases there cited.

From what we have said, it follows that the judgment of conviction should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.