JAMES BYRD V. STATE.

No. 24286. March 2, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder without malice is the offense; the punishment, three years' confinement in the penitentiary.

The scene of the assault was outside and near a beer tavern. The injured party, Vajdak, was constable of the precinct. Accompanied by Sebesta, he went to the tavern in his car. Some thirty or forty people were inside and outside the tavern. There was much talking and cursing by those, including appellant, outside the building. While seated in his car, Vajdak saw Dabney displaying a pistol. Giving Sebesta a pistol, he asked him to accompany and assist him in arresting Dabney for having and displaying the pistol. Upon approaching Dabney, Vajdak ordered him to throw up his hands, as he was under arrest. Dabney resisted and a fight, as described by some of the witnesses, ensued —in the course of which Vajdak was cut nine times; once in the chest and on the back and leg. Sebesta was also cut, as a result of which he died.

Vajdak was able to identify Dabney as having inflicted the chest wound on him. He did not know and no witness testified as to who inflicted the wounds on his back and leg.

Appellant stands here convicted as a principal, upon the proposition that he was present and, knowing the unlawful intent, aided and encouraged Dabney and other unknown persons to assault Vajdak with the intent to kill him.

The sufficiency of the evidence to support the conviction is the sole question before us.

It is insisted (a) that the evidence fails to show an intent, upon the part of Dabney or any other person, to kill the injured party, and (b) that there is no evidence that appellant was a principal thereto.

There is an absence of any testimony showing, or tending to show, the size or character of the instrument with which Vajdak was cut. There is no testimony showing that it was a deadly weapon, per se.

There is no description of the wounds inflicted upon Vajdek, their nature, extent, or seriousness. Whether he was disabled as a result of the wounds, or the length of any disability, is not shown. Vajdak testified that he did not know he had been cut in the back and leg until the affray had ended.

Under these facts, we are unable to reach the conclusion that the offense of assault with intent to murder is shown. As supporting this conclusion, reference is made to: Williams v. State, 149 Tex. Cr. R. 36, 191 S. W. (2d) 31; Teakell v. State, 143 Tex. Cr. R. 471, 159 S. W. (2d) 504; Meekins v. State, 141 Tex. Cr. R. 533, 149 S. W. (2d) 959; Robeson v. State, 133 Tex. Cr. R. 407, 111 S. W. (2d) 725; Lozano v. State, 138 Tex. Cr. R. 549, 137 S. W. (2d) 1031; Booker v. State, 143 Tex. Cr. R. 6, 156 S. W. (2d) 538.

Whether appellant was shown to be a principal offender is doubtful. In view of the disposition made of the first contention, we pretermit a determination of that question.

Believing the evidence to be insufficient to support the conviction the judgment is reversed and the cause is remanded.

Opinion approved by the Court.