## CLOUDT v. DISMUKES.

### No. 9238.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1934.

Rehearing Denied Feb. 28, 1934.

Boggess, LaCrosse & Lowrey, of Del Rio, for plaintiff in error.

Ditzler H. Jones, of Uvalde, for defendant in error.

FLY, Chief Justice.

This suit was instituted by defendant in error against plaintiff in error on a promissory note, dated June 7, 1929, in the principal sum of $274.90, payable on or before four months after date, to "myself" and signed by plaintiff in error. The note bore the following indorsement: "For value received I hereby authorize purchase of this note by any individual, bank or banker. Protest and notice waived," and signed by plaintiff in error.

The plaintiff in error, as defendant below, pleaded fraud and failure of consideration, of which defendant in error had notice at the time he purchased the note. A jury was impaneled, but after hearing the testimony the court instructed a verdict for defendant in error.

The facts show that the note was executed and delivered by Walter O. Cloudt to E. G. Hamilton and the defendant in error claimed to have been a purchaser in good

faith, for value, of the note, without notice. The note, being payable to the maker thereof, was not on its face a negotiable instrument and did not become complete until properly indorsed by him. The indorsement in this case was as follows: "For value received I hereby authorize purchase of this note by any individual, bank or banker," and was rather in the nature of a permission granted to any one to buy the note rather than an indorsement, or promise to pay it. The testimony showed that defendant in error paid full value for the note to E. G. Hamilton before its maturity. It was the claim of plaintiff in error that the note was procured in settlement of certain premiums due on insurance policies to be issued by E. G. Hamilton, representing an insurance company, as well as for certain shares in the company, but the uncontradicted testimony showed that defendant in error had no notice of the transaction between Hamilton and plaintiff in error and had no connection with the insurance company or its operation, and stated that he bought the note in good faith and for value, not knowing of any defects in it whatever.

We are of the opinion that the assignment, or indorsement, whatever it may be called, on the back of the note, was to all intents and purposes a promise to be liable for the payment of the note made payable to the order of the maker, and was sufficient to comply with the requirement of the statute (Rev. St. 1925, art. 5947, § 184) that a note payable to the order of the maker must be indorsed by the maker. The language amounted not only to an indorsement, but was an inducement to any one to purchase the note and conveyed to him the information that the maker was liable for the payment of the note. We do not think that plaintiff in error should be permitted to escape liability for the payment of the note. Under the evidence the court did not err in instructing a verdict for defendant in error.

■ Depositions were issued by defendant in error to plaintiff in error, which were not answered and which were afterwards suppressed by the court. It was sought by defendant in error to introduce the depositions as being confessed by plaintiff in error because he had refused to answer the questions propounded to him. In the long and rambling certificate made of the facts by the district clerk, it is not made clear that there was any positive refusal to answer the questions, although the officer reached the conclusion that there was a refusal. The attorney for plaintiff in error stated positively that there was no refusal on the part of plaintiff in error to answer the interrogations, and the court took this testimony rather than the disconnected statement of the officer as being true, and excluded the interrogatories from the evidence. There was no error in this action.

The judgment is affirmed.