## JOHN TRIMBLE V. THE STATE.

No. 23207. Delivered November 7, 1945.

The opinion states the case.

*James E. Faulkner,* of Coldspring, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of one year.

Appellant's chief contention is that the evidence is insufficient to justify and sustain his conviction. The evidence adduced by the State, briefly stated, shows that a difficulty arose between Ben Hillin, a white man, and appellant, a negro, over some money. Hillin testified that as he was walking down the sidewalk on the night of October 23, 1943, appellant came up

behind him and said: "God damn, I want some whisky"; that he (appellant) had a bill in his hand and said that he had ten dollars for two pints of whisky. Hillin further testified that the bill did not look like a ten-dollar bill; that he took it to the light, examined it and remarked: "Man, you haven't got any ten-dollar bill; it is a one-dollar bill," whereupon appellant grabbed the bill and demanded nine additional dollars. This precipitated a heated argument and culminated in a fight; that appellant knocked Hillin down between two cars when Jake Gamble ran up and tried to kick appellant off; that appellant then cut Gamble with a knife on the lower part of the jaw and neck. The record shows that the knife used by appellant was a pocket-knife with two blades, one of which was about one and one-half inches long and the other was about 2 3/4 or 3 inches long.

Jake Gamble, the alleged injured party, testified that he heard an argument between Hillin and appellant; that he looked in that direction and saw appellant knock Hillin down between two automobiles and then get on top of him; that he (Gamble) ran up and tried to kick appellant off of Hillin; that when he did so appellant cut him, then fled and made no further effort to injure him. At the conclusion of the difficulty, he went to the hospital where he received medical treatment; that he did not remain at the hospital long but stayed at home for a few days.

The doctor who treated Gamble testified that he had a long wound across the side of his neck and face just below the edge of the angle of the jawbone; that the wound, in the condition it was in, would not have caused death. This is all the testimony relative to the nature and character of the wound.

Appellant testified that he was sitting on a fender between two cars on the night in question when Ben Hillin came up to him and asked him for a drink of whisky; that he told Hillin he did not have any whisky but had a ten-dollar bill with which to buy some; that Hillin took the ten-dollar bill for the purpose of getting some whisky but returned in about ten or fifteen minutes and said: "Boy, you haven't any ten-dollar bill; it is a one-dollar bill." Appellant insisted that he had given him ten dollars which Hillin denied, and this produced an argument. While they were arguing, Jake Gamble came up to his rear and cut him; that he saw he was in a dangerous spot with Hillin in front of him, Gamble behind him and an automobile on each side of him, so he drew his knife and began to use it in self-defense. All three of the parties involved in the difficulty were cut and

received medical attention. However, Hillin and Gamble each denied using any knife on appellant, who is a negro.

The specific intent to kill is an essential element of the offense of an assault with intent to murder. This may be established by facts or circumstances from which such intent may be inferred. If the weapon or instrument used in the commission of the assault is per se a deadly weapon or one likely to produce death from the manner in which it is used, it would justify the conclusion that the accused intended to commit murder; or where the instrument used was not a deadly weapon, but from the manner of its use and the nature of the wounds inflicted it is apparent that such was the intent, the evidence is deemed to be sufficient. In the instant case, the knife used was not per se a deadly weapon nor was the wound inflicted such as would have produced death, nor was it of a serious nature. Neither is there any evidence that appellant expressed any intention to kill the injured party. From the facts related, we have reached the conclusion that the evidence in this case is not sufficient to establish appellant's guilt of an assault with intent to murder beyond a reasonable doubt. In support of the opinion here expressed, we refer to the following authorities: Ammann v. State, 165 S. W. (2d) 744; Eagle v. State, 135 Tex. Cr. R. 606.

In the case of Hightower v. State, 117 Tex. Cr. R. 42, the accused cut the injured party on the head with a pocketknife. The doctor who treated him testified that the assaulted party would have bled to death unless he had immediately received proper medical attention. This court, in passing on the question of the sufficiency of the evidence to show a specific intent to kill, said: "On this point we are in such grave doubt as to the sufficiency of the evidence as that we are unwilling to permit the conviction to stand." See also Miller v. State, 183 S. W. (2d) 175.

There are other complaints brought forward which we do not deem necessary to discuss at this time.

From what we have said it follows that the judgment of conviction should be reversed and the cause remanded and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.