EVERETT DANIELS, JR., V. STATE.

No. 24193. December 8, 1948.

Hon. N. L. Dalby, Judge Presiding.

*Pat Beadle,* of Clarksville, for appellant.

*Robert Gooding,* County Attorney, Clarksville, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for assault with intent to murder, without malice, with punishment assessed at confinement in the penitentiary for two years.

The sufficiency of the evidence to warrant the conviction is challenged.

That the appellant stabbed the injured party with a knife is not disputed. The attending physician described the wound inflicted and its location, as being a stab wound about two and one-half inches in depth, "slanting from near the inner part of the shoulder blade down and toward the back bone." No body cavities were entered or bones struck. The instrument with which the wound was inflicted was an ordinary pocket knife with a two and one-half inch blade.

In reply to a question as to whether or not the wound was such as was likely to cause death, the physician replied:

"Going in the direction that the wound was it would not have. . . . If it had gone deeper and more toward the back bone, it could possibly have done so, but in the direction it was and the depth it was, it could not have."

The injured party, a twenty-year old white soldier at home on furlough, was, with his friend and companion, Ward, crossing a street. As he neared and just before stepping onto the sidewalk curb, the appellant, a seventeen-year-old negro boy, "on his bicycle," ran between the injured party and the curb. As he did so, injured party struck or "swung" at the appellant and told him to watch where he was going. Appellant continued on his bicycle some distance to the "monument on the square." There he met Travis Jones. A conversation ensued between them, after which Jones approached the injured party and asked him why he hit appellant. As to what then happened, we quote from the testimony of the injured party, as follows:

"We got into an argument then. I cursed him there at that time. I don't believe I called him a black s- o- b-. He cursed me. Then we started fighting. We were standing there hitting each other. I don't know where this boy (appellant) was at that time. I had forgotten about him. I noticed him when he stuck a knife in me, and they both ran—one on a bicycle and the other one on foot. Neither of them said anything to me at that time. I never did hear this boy (appellant) say anything." (Parentheses supplied.)

Upon the facts stated, this conviction rests.

Under the authority of Trimble v. State, 148 Tex. Cr. R. 596, 190 S. W. (2d) 123, and Ammann v. State, 145 Tex. Cr. R. 34, 165 S. W. (2d) 744, we are constrained to agree with appellant that these facts do not evidence an intent upon appellant's part to kill the injured party. The instrument used was not a deadly weapon, per se; the injury inflicted was one not calculated to produce death—which facts, together with appellant's flight, fail to evidence an intent to kill.

We are of the opinion that under the facts here presented the trial court should have responded to appellant's request for a charge upon his right to defend Jones against the alleged attack by the injured party.

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.