HAMMIT ROBINSON V. STATE.

No. 34,589.   May 16, 1962

324

*Mark Callaway*, Brownwood, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder, with two prior felony convictions alleged for enhancement; the punishment, life.

In view of our disposition of this appeal, we deem it unnecessary to discuss the sufficiency of the evidence to show the identity of appellant as being the person making the assault other than to conclude that, though far from certain, it was sufficient to support the jury's finding under a proper charge on the law of circumstantial evidence that appellant was the person who made the attack.

Appellant's primary complaint is that the evidence is insufficient to show a specific intent to kill. The injured party testified that he had known appellant since boyhood, that they were good friends and continued to be so at the time of the trial, that they had drunk beer together, and on the night in question he knew of no reason appellant would have had to cut him. There being no showing of ill will or threats or the nature of the instrument used in the assault, the State is relegated to the proof of the injury inflicted in order to support this conviction.

Dr. Spence testified that the injured party had sustained a four-inch cut on the right side of his neck approximately 1/8th of an inch in depth which appeared to have been inflicted by a sharp instrument and in which he employed a dozen stitches in repairing. When being asked whether the wound was dangerous or serious, the doctor replied, "The wound within itself, the injury as it was, at the time, was not dangerous."

He further testified the wound did not endanger the injured party's life but that if it had been a quarter of an inch deeper or half of an inch deeper he would have had a serious matter on his hands.

Appellant did not testify or offer any evidence in his own behalf.

In Ammann vs. State, 145 Texas Cr. Rep. 34, 165 S.W. 2d 744, this Court, in stating the rule controlling the sufficiency of the evidence to show an intent to kill, said:

"The specific intent to kill is an essential elements of the offense of assault with intent to murder. Art. 1160, P.C., Vernon's Ann. P.C. Art. 1160. Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon. Branch's P.C., Sec. 1636; Franklin v. State, 37 Texas Cr. Rep. 113, 38 S.W. 802, 1016; Basquez v. State, 114 Texas Cr. Rep. 602, 26 S.W. 2d 206; Rose v. State, 123 Texas Cr. Rep. 261, 68 S.W. 2d 526."

In the case at bar, we find that the instrument that was used is unknown, that the wound inflicted was not serious and could not have caused death, and therefore there is no evidence of threats, ill will, or expression of intent by appellant. Thus, the surrounding facts and circumstances are insufficient to show that appellant intended to kill the injured party. Ammann v. State, supra; Trimble v. State, 148 Texas Cr. Rep. 596, 190 S.W. 2d 123.

The State contends that the fact that the injured party was cut on the throat is, *alone*, enough to show an intent to kill. This contention is based upon the proposition that it was only because the wound was not deeper that it did not prove fatal.

In Hunt v. State, 94 Texas Cr. Rep. 155, 250 S.W. 168, this Court reversed the conviction because the evidence was insufficient to show an intent to kill. As in the case at bar, the injured party was cut on the throat and the doctor testified as follows:

"That cut itself did not extend quite far enough over nor deep enough to be fatal, but, if it had been continued a little bit deeper, it would have been likely to produce death * * * This wound was not deep enough to prove fatal, but, if it had punctured the jugular vein, it would probably have proved fatal."

In Trimble v. State, 148 Texas Cr. Rep. 596, 190 S.W. 2d 123, the conviction was reversed because the evidence was insufficient

to show an intent to kill. As in the case at bar, the injured party was cut on the throat and the doctor testified that it was a long wound across the side of the neck just below the edge of the angle of the jawbone and that the wound in the condition it was in could not have caused death.

In Sofge v. State, 133 Texas Cr. Rep. 409, 111 S.W. 2d 720, the conviction was reversed because the evidence was insufficient to show an intent to kill. The injured party was stabbed near the left nipple; the wound was wide, and the doctor testified that had the knife not struck a rib death would have ensued.

In Ammann v. State, supra, the conviction was reversed because the evidence was insufficient to show an intent to kill. The injured party was cut across the abdomen; the cut was 8 to 10 inches long, and the doctor testified that it only lacked 1/4th to 3/8th of an inch being deep enough to enter the abdominal cavity.

The State's position that an injury which is not serious in itself but would have proved fatal had it been deeper is, *standing alone,* enough to support a finding of a specific intent to kill would overrule all the above cited cases, and cannot be sustained.

Because the evidence is insufficient to show an intent to kill, the judgment is reversed and the cause remanded.