Freddie **RICHARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40603.

Court of Criminal Appeals of Texas.

Oct. 25, 1967.

Rehearing Denied Dec. 13, 1967.

On State's Motion for Rehearing
April 3, 1968.

Appellant's Motion for Rehearing Denied
May 15, 1968.

---

A. Reagan Clark, Rosenberg, on appeal only, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell and Theodore P. Busch, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, enhanced by two prior convictions for a felony less than capital, life.

Trial was before a jury on a plea of not guilty. The jury having found appellant guilty, the prior convictions were stipulated and the court assessed the punishment at life.

The sole ground for reversal presented by appellant's brief filed in the trial court is that the evidence is insufficient to authorize a conviction of assault with intent to murder.

The indictment alleged that the assault was made on M. I. Williams.

The evidence, viewed in the light most favorable to the jury's verdict, reflected the following:

M. I. Williams, a Houston Police Officer, was engaged in ticketing automobiles for parking violations when he was approached by Idonia Pierre who asked him—"make this man leave me alone." Appellant approached with a knife in his hand, shoved the officer and grabbed the woman by the neck.

During the scuffle which ensued, when the officer attempted to stop the assault on the woman with the knife, appellant inflicted a stab wound in his back and continued his assault on the woman, cutting her and holding the knife at her throat until subdued by Williams, who hit him with his pistol and tried to get the knife, and a second officer who was summoned by a passing motorist.

The evidence reflects that the knife used by appellant in his assault on the woman and on Officer Williams was a two bladed pocket knife approximately 5 inches in length with an open blade about 3 inches in length—and that appellant cut at the woman's throat with the knife repeatedly before the officers finally got it away from him, and put handcuffs on him.

Idonia testified that she had lived with appellant about two years and that "he was after me—I did see him cut at the officer but he was cutting at me. He wasn't cutting after the officer."

She further testified:

"A. * * * he was trying to cut me but he did cut the officer first.

"Q. Then he cut you?

"A. Yes.

"Q. Where did he cut you?

"A. Here, on my neck.

"Q. You are pointing underneath your chin, on the left side of your neck?

"A. Yes.

"Q. Did he cut you any other place on your body?

"A. Well, my hand.

"Q. He cut you on your hand?

"A. Yes, sir, and I swear if it hadn't of been for this headscarf was tied around my head when he threw me, if it hadn't been for this headscarf I might have been dead."

Officer Williams' wound was described as a stab wound just to the right of the vertebral column in the upper part of his back, with no apparent serious effect.

There was testimony to the effect that the knife was an instrument capable of producing death, but the chances of hitting a vital organ in the position of the stab wound would be minimal.

If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances.

If it is possible that death might have been inflicted by the weapon used and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon. Ammann v. State, 145 Tex.Cr.R. 34, 165 S.W.2d 744; Gipson v. State, 403 S.W.2d 794; Franklin v. State, 37 Tex.Cr.R. 113, 38 S.W. 1016; Flores v. State, 168 Tex.Cr.R. 629, 331 S.W.2d 219.

The evidence is clearly sufficient to sustain a finding that appellant's assault upon Idonia Pierre was with intent to take her life. Viewed in the light most favorable to the state, we conclude that the evidence is sufficient to sustain the jury's finding that the assault upon the officer who was attempting to protect the woman from such assault was with the same intent; that is with intent to kill.

The judgment is affirmed.

## DISSENTING OPINION

MORRISON, Judge.

The cases cited in the majority opinion have no resemblance to the facts before us here. A careful examination of the authorities leads me to conclude that the situation presented here is almost on all fours with that before the Court in Trimble v. State, 148 Tex.Cr.R. 596, 190 S.W.2d 123. There, as here, the injured party intervened at a time when the accused was making an attack upon a third party. In that case the Court, in reversing the conviction, said:

"(T)he knife used was not per se a deadly weapon nor was the wound inflicted such as would have produced death, nor was it of a serious nature. Neither is there any evidence that appellant expressed any intention to kill the injured party."

The rule announced above has been followed by this Court when similar facts were before us in Daniels v. State, Tex.Cr.App., 215 S.W.2d 624, and in Barnes v. State, 172 Tex.Cr.R. 303, 356 S.W.2d 679, and again in Barnes v. State, Tex.Cr.App., 366 S.W.2d 586, and should be followed here.

I respectfully dissent.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Upon a review of the record, the majority conclude that the evidence is insufficient to sustain the conviction and that under the authorities cited in Judge MORRISON'S dissenting opinion the cause should be reversed.

Accordingly, the appellant's motion for rehearing is granted, the opinion affirming the conviction is set aside, and the judgment is reversed and the cause remanded.

WOODLEY, P. J., dissents.

## OPINION ON STATE'S MOTION
## FOR REHEARING

DICE, Judge.

On original submission, a majority of this court, with Judge MORRISON dissenting, found the evidence sufficient to show a specific intent to kill Officer Williams and affirmed the judgment of conviction.

On appellant's motion for rehearing, a majority, with Judge WOODLEY dissenting, concluded that the evidence was insufficient to show such intent to kill and reversed the judgment of conviction.

■ The state has filed a motion for rehearing, supported by an original and two supplemental briefs, and a majority of the court, upon again considering the record, now conclude that the evidence is sufficient to sustain the conviction.

As shown in our original opinion, the evidence is sufficient to warrant the conclusion that appellant was making the assault upon Idonia Pierre with the specific intent to kill her, and when Officer Williams, the injured party, attempted to stop him appellant cut him with the knife and continued his assault upon Idonia.

Art. 42 of our Vernon's Ann.Penal Code provides:

"One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed."

In his charge to the jury, the court gave application to the provisions of Art. 42, supra.

Through the years this court has given application to the provisions of Art. 42, supra, in cases of assault with intent to murder.

In Smith v. State, Tex.Cr.App., 95 S.W. 1057, (1906), it was held that where one, while trying to murder a person, unintentionally cuts another he is guilty of assault with intent to murder the latter.

In Covert v. State, Tex.Cr.App., 113 S.W. 2d 556 (1938), it was held that under the statute, Art. 42, supra, an accused who entered a cafe intending to assault a police officer and pointed a pistol at him which was " 'easy on the trigger,' " which pistol discharged and struck another officer who was attempting to disarm him, was guilty of assault with intent to murder the latter officer.

In the more recent case of Hayes v. State, Tex.Cr.App., 353 S.W.2d 25 (1962), this court held that a charge which authorized a conviction for assault with intent to murder, upon a finding by the jury that the defendant shot one person while intending to shoot another, was authorized under Art. 42, supra.

The provisions of Art. 42, supra, have also been applied in cases of homicide where the fatal shot which killed the deceased was intended for someone else. Hodges v. State, 160 Tex.Cr.R. 579, 272 S.W.2d 902. See, also, Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627, in which it was held that the jury was authorized to conclude that the accused committed the murder of the deceased by attaching a dynamite bomb to an automobile with the intent of killing the husband of the deceased but by accident and mistake killed the deceased.

Art. 41 of the Penal Code, which makes mistake of fact an offense under certain circumstances, is not applicable in the instant case.

■ Appellant's conviction may be upheld under the doctrine of "transferred intent," which had its roots in the old common-law action of trespass and originated in the thirteenth century in the king's court in England. The doctrine of transferred

intent was carried over to the United States in criminal cases in which poisoning, shooting, striking, or throwing a missile resulted in injury to the wrong person. In such cases, not only is intent transferred but also the degree of the crime and any defenses that would be valid if the intended victim had been hit. For a discussion of the subject, see the article by Professor William L. Prosser, University of California, Hastings College of Law, in Vol. 45, No. 4, of Texas Law Review, at page 650.

Trimble v. State, supra, cited by Judge MORRISON in his dissenting opinion, and the instant case are distinguishable upon the facts and circumstances surrounding the assaults.

This court, now being of the opinion that the evidence is sufficient to sustain the conviction, should be the first to correct its own mistake.

Accordingly, the state's motion for rehearing is granted, the opinion on appellant's motion for rehearing reversing the conviction is withdrawn, and the judgment of conviction is affirmed.

### DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

In my opinion Article 42, V.A.P.C., has no application to the case at bar. It is necessary to quote only a portion of Officer Williams' testimony in order to illustrate what I mean: "He (appellant) had a knife and was walking toward her (Idonia Pierre) at the time and he turned and came to me and he was right on me and I tried to dodge him when he pulled the knife at me and when I did he hit me in the back." This does not spell "mistake or accident" or "throwing a missile resulting in injury to the wrong person" to me.

I again dissent.