TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00046-CR






Randolph Jones, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0974205, HONORABLE BOB PERKINS, JUDGE PRESIDING







 A jury found appellant Randolph Jones ("Jones") guilty of first degree murder. See
Tex. Penal Code Ann. § 19.02(b) (West 1994). The jury assessed punishment at 99 years in
prison. By one point of error, Jones complains about the jury charge. He contends there was a
variance between the indictment and the charge which permitted the jury to convict him on a
theory of guilt not alleged in the indictment. Finding no error in the charge, we will affirm the
conviction.


Background


 On February 8, 1997, at about 8:30 p.m., Alma Ward and her sister went to a
convenience store in Austin. Several young men associated with a street gang known as the
"Bloods" were gathered in the parking lot outside the store. Jones and two other men, all
associated with a gang known as the "Crips," drove up to the store. Anthony Anderson, one of
Jones's companions, got out of the car and walked into the store. (1) Some of the Bloods noticed that
Anderson was wearing the Crips' colors and followed him into the store. Jones then followed the
Bloods into the store to check on Anderson. Soon after they all came out of the store, the two
groups began arguing in the parking lot. The altercation began with verbal abuse and escalated
to symbolic threats of violence.

 Jones and his companions got into their car, drove a few yards away from the store,
and stopped. Witnesses testified that Jones then got out of the car and fired shots in the direction
of the store and into the group of Bloods. In the midst of this, Ward was leaving the store for the
parking lot to unlock the car for her sister. When the shots began, Michael Clemons, one of the
Bloods with whom Jones had argued, was standing near Ward. As Clemons tried to push Ward
to the ground, Jones shot and Clemons ducked around a car. Jones's shot killed Ward.

 Jones was indicted for murder by an indictment containing two paragraphs. The
first paragraph alleged that Jones "did then and there intentionally and knowingly cause the death
of an individual, Alma Ward, by shooting Alma Ward with a firearm, a deadly weapon." See
Tex. Penal Code Ann. § 19.02(b)(1) (West 1994). The second paragraph alleged that Jones "did
then and there, with intent to cause serious bodily injury to an individual, namely Alma Ward,
commit an act clearly dangerous to human life, to-wit: shooting a firearm, a deadly weapon at the
said Alma Ward, thereby causing the death of said Alma Ward." See Tex. Penal Code Ann.
§ 19.02(b)(2) (West 1994).

 The district court instructed the jury as follows:


IV.



[I]f you believe from the evidence beyond a reasonable doubt that . . . Jones,
intending to cause the death of any of the men with whom he had just argued by
shooting him with a firearm, did then and there cause the death of an individual,
Alma Ward, by shooting Alma Ward with a firearm, then you will find the
defendant, Randolph Jones guilty of the offense of murder as alleged in the
indictment.


V.



[I]f you believe from the evidence beyond a reasonable doubt that . . . Jones did
then and there, with intent to cause serious bodily injury to an individual, to-wit:
any one of the men with whom he had just argued by shooting him with a firearm,
did commit an act clearly dangerous to human life, to-wit: shooting a firearm, a
deadly weapon, at Alma Ward thereby causing the death of the said Alma Ward,
then you will find the defendant, Randolph Jones, guilty of the offense of murder
as alleged in the indictment.



The court also instructed the jury on the doctrine of transferred intent. See Tex. Penal Code Ann.
§ 6.04 (b)(2) (West 1994).

 At the charge conference, Jones objected only to paragraph V of the jury charge. 
He contended that there was a variance between the indictment and the jury charge. Particularly
he argued that, because the indictment alleged Jones specifically intended to cause Ward serious
bodily injury, the jury had to be charged and was required to find that Jones actually and
specifically intended to cause Ward serious bodily injury to convict him of murder under section
19.02(b)(2). Jones argued that the transferred-intent doctrine did not apply to the second
paragraph of the indictment because the indictment alleged specific intent to cause serious bodily
injury to Alma Ward. Jones contended that the State alleged a more specific intent than required
in the second paragraph of the indictment by including Ward's name. Jones argues that by having
done so, however, the State had the burden of proving Jones had the specific intent to cause
serious bodily injury to Ward. The district court disagreed with Jones, believed that transferred
intent applied to the second paragraph of the indictment, and overruled the objection to the jury
charge.


Discussion


 The court's charge should instruct the jury on the law applicable to every theory
within the scope of the indictment that the evidence will support, whether favorable to the State
or the defendant. See Taylor v. State, 885 S.W.2d 154, 157 (Tex. Crim. App. 1994); Cantu v.
State, 341 S.W.2d 451, 453 (Tex. Crim. App. 1960); Garcia v. State, 791 S.W.2d 279, 281 (Tex.
App.--Corpus Christi 1990, pet. ref'd). When an appellant claims jury-charge error, the appellate
court must determine whether the charge was erroneous, and if so, whether the error was harmful
to the accused. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

 The transferred-intent doctrine provides that a person is criminally responsible for
causing a result if the only difference between what actually occurred and what was desired,
contemplated or risked is that a different person was injured, harmed, or otherwise affected. See
Tex. Penal Code Ann. § 6.04(b)(2). Transferred-intent cases generally involve situations where
the defendant intends to shoot one person, but misses and strikes another. See Martinez v. State,
844 S.W.2d 297, 282 (Tex. App.--San Antonio 1992, no pet.). The intent to harm the intended
victim transfers to the actual victim and the defendant is guilty just as if he had struck the intended
victim. See Garrett v. State, 749 S.W.2d 784, 785-86 (Tex. Crim. App. 1986) (defendant shot
rifle toward occupied mobile home; man with whom defendant had argued was standing between
defendant and mobile home; evidence showed that defendant intended to shoot the man but missed;
shot entered mobile home killing woman inside). In such a case, the State must ask the court to
instruct the jury on the transferred-intent doctrine or else the State must sustain the higher burden
of proving that the defendant actually intended to shoot the victim rather than the person at whom
the defendant aimed. Id. at 781.

 The transferred-intent doctrine has been compared to the law of parties. Lewis v.
State, 815 S.W.2d 560, 562 (Tex. Crim. App. 1991). The law is well settled that a party to an
offense may be indicted for the offense without alleging facts which make the defendant a party
to the offense and criminally responsible for the actions of another. See Swope v. State, 805
S.W.2d 442, 444 (Tex. Crim. App. 1991). The facts which make a person criminally responsible
for the conduct of another are evidentiary and need not be alleged in the indictment. Id. at 444-45. 
Like the law of parties, the theory of transferred intent need not be alleged in the indictment for
it to be applied later in a case. Garcia, 791 S.W.2d at 281 (citing Dowden v. State, 758 S.W.2d
264, 274 (Tex. Crim. App. 1988)).

 In Richard v. State, the indictment alleged an assault with intent to murder was
committed against a police officer, not the woman who was the intended victim. 426 S.W.2d 951
(Tex. Crim. App. 1967). On appeal, the defendant contended that the evidence was insufficient
to show the defendant specifically intended to kill the police officer. The Richard court disagreed
and held the evidence was sufficient pursuant to the transferred-intent doctrine, which was applied
to the facts in the court's jury charge. Id. at 954-55. The allegation of specific intent to kill the
police officer did not preclude application of the transferred-intent doctrine to the facts, which
showed the defendant's true specific intent was to kill the woman. Id.

 Initially, we note that Jones did not contend at trial, nor does he now contend, that
the district court erred in jury charge paragraph IV. This portion of the charge applied the
transferred-intent doctrine to the facts of the case pursuant to the portion of the indictment that
alleged murder under section 19.02(b)(1). Although the State alleged in the first paragraph of the
indictment that Jones intentionally caused Ward's death, the evidence did not show nor did the
State contend that Jones specifically intended to cause her death. The evidence showed instead
that Jones specifically intended to kill one of the men with whom he had argued, most likely
Michael Clemons. By invoking the transferred-intent doctrine, Jones's specific intent was
substituted for the intent alleged in the indictment. Based upon the evidence, the district court
correctly applied the transferred-intent doctrine to the elements of section 19.02(b)(1) by
instructing the jury to find Jones guilty only if they found he intended to cause the death of one
of the men with whom he had just argued by shooting him with a firearm and thereby caused the
death of Alma Ward.

 Jones argues that the same analysis does not apply to the State's allegation of
murder under section 19.02(b)(2). He argues that the State alleged in the indictment that what
Jones actually intended, his specific intent, was to cause serious bodily injury to Alma Ward. 
Jones argues that, as alleged in the indictment under 19.02(b)(2), the transferred-intent doctrine
would apply to the facts only in two situations: (1) if, acting on his desire to injure Ward, he
actually killed someone else, and (2) if the State had alleged only that Jones intended to cause
serious bodily injury to a person without naming the intended victim. In the second situation, if
the evidence had shown the intended victim to be someone other than the actual victim, Alma
Ward, Jones argues that then the district court would have the authority to instruct the jury on
transferred intent for the 19.02(b)(2) type of murder. We disagree that these are the only two
situations in which transferred intent may be applied under section 19.02(b)(2).

 We see no reason to apply a different transferred-intent analysis to an allegation of
murder under 19.02(b)(2) than is applied to an allegation of murder under section 19.02(b)(1). 
While the indictment alleged that Jones intended to cause serious bodily injury to Ward and, by
killing her, committed an act clearly dangerous to human life, the evidence showed that Jones
intended to cause serious bodily injury to one of the men with whom he had just argued, most
probably Michael Clemons. Jones's actual specific intent to cause serious bodily injury to
Clemons was substituted, by means of the transferred-intent doctrine, for the intent to cause
serious bodily injury to Ward alleged in the indictment.

 While the transferred-intent doctrine was not alleged in the indictment, the doctrine
was within the scope of the indictment which the evidence supported. Garcia, 791 S.W.2d at 281. 
The district court properly instructed the jury on the transferred-intent doctrine. The district
court's charge was not erroneous. Jones's one point of error is overruled.

Conclusion


 The conviction is affirmed.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: April 1, 1999

Do Not Publish

1. Anderson was a member of the "Insane Gangster Crips" while Jones was a member of the
"Rolling 60s Crips."


eed
and held the evidence was sufficient pursuant to the transferred-intent doctrine, which was applied
to the facts in the court's jury charge. Id. at 954-55. The allegation of specific intent to kill the
police officer did not preclude application of the transferred-intent doctrine to the facts, which
showed the defendant's true specific intent was to kill the woman. Id.

 Initially, we note that Jones did not contend at trial, nor does he now contend, that
the district court erred in jury charge paragraph IV. This portion of the charge applied the
transferred-intent doctrine to the facts of the case pursuant to the portion of the indictment that
alleged murder under section 19.02(b)(1). Although the State alleged in the first paragraph of the
indictment that Jones intentionally caused Ward's death, the evidence did not show nor did the
State contend that Jones specifically intended to cause her death. The evidence showed instead
that Jones specifically intended to kill one of the men with whom he had argued, most likely
Michael Clemons. By invoking the transferred-intent doctrine, Jones's specific intent was
substituted for the intent alleged in the indictment. Based upon the evidence, the district court
correctly applied the transferred-intent doctrine to the elements of section 19.02(b)(1) by
instructing the jury to find Jones guilty only if they found he intended to cause the death of one
of the men with whom he had just argued by shooting him with a firearm and thereby caused the
death of Alma Ward.

 Jones argues that the same analysis does not apply to the State's allegation of
murder under section 19.02(b)(2). He argues that the State alleged in the indictment that what
Jones actually intended, his specific intent, was to cause serious bodily injury to Alma Ward. 
Jones argues that, as alleged in the indictment under 19.02(b)(2), the transferred-intent doctrine
would apply to the facts only in two situations: (1) if, acting on his desire to injure Ward, he
actually killed someone else, and (2) if the State had alleged only that Jones intended to cause
serious bodily injury to a person without naming the intended victim. In the second situation, if
the evidence had shown the intended victim to be someone other than the actual victim, Alma
Ward, Jones argues that then the district court would have the authority to instruct the jury on
transferred intent for the 19.02(b)(2) type of murder. We disagree that these are the only two
situations in which transferred intent may be applied under section 19.02(b)(2).

 We see no reason to apply a different transferred-intent analysis to an allegation of
murder under 19.02(b)(2) than is applied to an allegation of murder under section 19.02(b)(1). 
While the indictment alleged that Jones intended to cause serious bodily injury to Ward and, by
killing her, committed an act clearly dangerous to human life, the evidence showed that Jones
intended to cause serious bodily injury to one of the men with whom he had just argued, most
probably Michael Clemons. Jones's actual specific intent to cause serious bodily injury to
Clemons was substituted, by means of the transferred-intent doctrine, for the intent to cause
serious bodily injury to Ward alleged in the indictment.

 While the transferred-intent doctrine was not alleged in the indictment, the doctrine
was within the scope of the indictment which the evidence supported. Garcia, 791 S.W.2d at 281. 
The district court properly instructed the jury on the transferred-intent doctrine. The district
court's charge was not erroneous. Jones's one point of error is overruled.

Conclusion


 The conviction is affirmed.